AMBROSE W. THOMPSON v. STEPHEN KESSEL and others.

Exceptions to a referee's findings of fact cannot be reviewed in this court.

Where the testimony before a referee is conflicting upon all the material points involved in the action, and the supreme court, at general term, has affirmed the judgment, the court of appeals cannot look into the testimony, to determine whether the facts are found according to the weight of evidence.

A claim on the part of a defendant, for the price and value of the identical goods which are the subject of the action, is a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or is at least connected with the subject of the action, and is strictly a counter-claim, within section 150 of the code of proceedure.

Several individuals composing the firm of R., F. & Co., were sued by the plaintiff by their firm name, the complaint alleging that the names of the individual members of said firm were unknown to the plaintiff. F. only appeared and answered, in the first instance, claiming the goods sued for in behalf of the firm. He also put in a supplemental answer, in which he claimed judgment in his own favor for the value of the goods, and not in favor of himself and his copartners individually. After judgment, the defendants were allowed to amend by entering an appearance *nunc pro tunc* for the other two partners, and to amend the supplemental answer, so as to make it a claim in behalf of all the members of the firm individually, with a demand for judgment in their favor. *Held,* that there was nothing for which the judgment should be reversed, in the fact that it was rendered for the value of the goods, in favor of the several individuals composing the firm of R., F. & Co.

*Held, also,* that the supreme court had ample power to make the amendments which were ordered, by inserting the individual names of the other members of the firm in the answer, and in the judgment, in accordance with the facts found on the trial.

*Held, further,* that such amendments were clearly in furtherance of justice; but if otherwise. that the order of the supreme court, allowing them, was not open to review in this court.

*Appeal from a judgment of the Supreme Court affirming a judgment at special term in favor of the defendants.*

THE action was brought to compel the delivery by the defendants to the plaintiff of certain bills of lading of goods consisting of sulphate of barytes and black lead, shipped

by Messrs. Kessel Brothers of Cologne to the city of New York, and to restrain the defendants or either of them from parting with said bills, or from interfering with or disposing of said merchandise.

The complaint alleges that the goods were consigned to the plaintiff by Kessel Brothers at the instance and by the procurement of the defendant Stephen Kessel, who is claimed to have been the plaintiff's agent in the transaction and to have made advances upon the goods with the plaintiff's funds. It further alleges that the goods were thus shipped and consigned to fill certain orders sent by other persons in New York to the consignors by the plaintiff through Stephen Kessel as his agent. The complaint also alleges that the bills of lading of the goods in question were delivered over to the plaintiff by Stephen Kessel on or about the 5th day of June, 1855; that the said merchandise arrived in the port of the city of New York about the 8th of June, 1855, and that about the same time and while the bills of lading were in the plaintiff's possession, the same were surreptitiously taken by Stephen Kessel and fraudulently delivered to the other defendants Rubens, Fredricks & Co. It also avers notice to the defendants Rubens, Fredricks & Co., before any part of the merchandise had been discharged from the vessel, of the plaintiff's rights, and an offer to them to reimburse them for any and all freight they might have paid on account of said merchandise, and a demand of said bills of lading, and the refusal of the defendants Rubens, Fredricks & Co. There was also a prayer for general relief. The defendants Rubens, Fredricks & Co. are made parties by their firm name, and it is alleged in the complaint that their individual names are unknown to the plaintiff.

The defendant Stephen Kessel answered separately, denying that the shipment of the goods was made for or on account of the plaintiff, in any manner, or that the bills of lading were ever delivered to him or were in his possession, and averring that the goods were purchased by himself

and on his own individual account; and that the bills of lading were delivered to him and were his sole and absolute property. He also denied that the plaintiff ever advanced or paid any thing on account of said goods, or ever had any interest therein, and averred that he sold and delivered to the defendants Rubens, Fredricks & Co. the said invoices and bills of lading duly endorsed, and the merchandise thereby represented, for a good and sufficient consideration paid by said firm, at the time; and that they passed the said goods through the custom house, paid the duties and the freight thereon, and received a portion thereof as they were discharged from the vessel.

The defendant, Robert Fredricks, one of the firm of Rubens, Fredricks & Co., also answered separately, denying, upon information and belief, that the plaintiff had any interest in or claim upon said goods, and averring that he bought the same, in good faith, of the defendant, Stephen Kessel, for cash and credit, and paid the cash part of the purchase and took an absolute transfer to his firm of the invoices and bills of lading, and passed the goods through the custom house, paid the duties and the freight thereon, and obtained an order from the shippers for a discharge of the goods from the vessel. That said goods were being discharged from said vessel, and a portion had been sent to the bonded warehouse, and another portion delivered to the defendants, when the further delivery was stopped by the proceedings in the action. He also averred that all his transactions in respect to said goods were for and on account of his firm, and claimed that the goods should be delivered to him, and that the defendant should pay damages for the delay in the delivery. The defendant also, by leave of the court, put in a supplemental answer, in which he alleged that, since the commencement of the action, the plaintiff had wrongfully taken possession of all the goods and merchandise in question, and converted and disposed of the same to his own use, which facts were not known to him at the time of putting in his original

answer. He averred that the goods were worth $2,676.37, and that the claim therein set up was made for and in behalf of himself, Abraham Rubens and William Rubens, who composed the firm of Rubens, Fredricks & Co.; and he demanded judgment in favor of said persons for the sum of $2,676.37, with interest from the 18th day of June, 1855. To this supplemental answer the plaintiff put in a replication denying the same, except what was expressly admitted, and claiming that "the defendants, Rubens and others, who are partners in the firm of Rubens, Fredricks & Co., mentioned in the complaint herein, and whose names are unknown to the plaintiffs, ought to be made parties in making the claims set up in said supplemental answer." The action was referred, and tried before the referee, who found, as matter of fact, that the defendant, Stephen Kessel, obtained certain orders for the merchandise in question, but not as the agent or clerk of the plaintiff, nor on his behalf; and that in pursuance of said orders, and in fulfillment thereof, the said Stephen procured from Messrs. Kessel Brothers, of Cologne the consignment of the said merchandise, but not on behalf of the plaintiff. That the invoices and bills of lading of the same were delivered by said Kessel Brothers to Stephen Kessel for the purpose of executing the said orders, and that at the time of the transfer of the bills of lading to Rubens, Fredricks & Co., one James Bell was the lawful owner and holder of the said orders. That the plaintiff had advanced to Stephen Kessel, and accepted drafts from him for large sums of money, amounting in all to about $1,900, but that such moneys were not advanced, nor were the drafts accepted to fulfill the said orders. That Stephen Kessel did not, at any time, deliver to the plaintiff the bills of lading, nor fraudulently abstract the same from his possession as alleged in the complaint, but did, on or about the 8th of June, 1855, upon a good and sufficient consideration, transfer and deliver the said bills of lading to the said Rubens, Fredricks & Co., for the purpose of the execution of said

orders. That since the commencement of the action the plaintiff had wrongfully taken possession of all the goods and disposed of and converted the same to his own use, and that the plaintiff was, at the time, under no legal obligation to deliver the goods to the purchasers to whom he had delivered them. That at the commencement of the action the said firm of Rubens, Fredricks & Co. were the owners of the goods and entitled to possession, and that the same were worth, at the time, $2,154.06.

As conclusions of law, the referee held and decided that the firm of Kessel Brothers had no such interest or claim as to render them necessary parties to the action. That the several partners composing the firm of Rubens, Fredricks & Co., were parties defendants in the action, and parties in making the claim set up in the supplemental answer, and were entitled to judgment against the plaintiff for the value of said goods and merchandise; and ordered judgment in their favor for said value, and interest— amounting to $2,486.62, with costs to be taxed—and a dismissal of the complaint against the defendant Stephen Kessel, with costs. Several objections were made by the plaintiff, in the course of the trial, to evidence offered on the part of the defendants, and exceptions taken to the rulings of the referee, admitting the evidence. The only exceptions, however, insisted upon or noticed by the appellant, in his points, are those taken to the admission of evidence in support of the counter-claim contained in the supplemental answer. The only grounds of these objections taken upon the trial were that the supplemental answer was not a competent pleading in the action; and that the plaintiff was not bound to defend against the claims therein set up, and could not be charged with the value of the goods. The plaintiff excepted in due time, separately, to the several findings of fact by the referee, and also to the several conclusions of law, that the firm of Kessel Brothers were not necessary parties; that the individuals composing the firm of Rubens, Fredricks & Co., were par-

ties in making the claim set up in the supplemental complaint, and were entitled to judgment for the value of the goods; and that the complaint should be dismissed as against Stephen Kessel. Judgment was in the first instance rendered in form dismissing the complaint as to the defendant Stephen Kessel, "and that the defendant Robert Fredricks and others, composing the firm of Rubens, Fredricks & Co., recover of the plaintiff," &c. The plaintiff brought an appeal from this judgment to the general term in the first district. After the appeal, the general term granted an order allowing the defendants, Abraham Rubens and William Rubens, copartners with the defendant Fredricks in the firm of Rubens, Fredricks & Co., to enter an appearance in the action, and the supplemental answer to be amended so as to claim the property as belonging to the individuals composing the firm, and a judgment in behalf of all for the value of the property, and amending the record accordingly. The general term affirmed the judgment. The plaintiff then brought his appeal to this court.

*H. G. De Forest*, for appellant.

*W. Z. Larned*, for respondents.

JOHNSON, J. The appellant's points are chiefly occupied with a discussion of the findings of fact by the referee. But the exceptions to the findings of fact cannot be reviewed here. The testimony before the referee was conflicting upon all the material points involved in the action, and the Supreme Court, at general term, has affirmed the judgment. This court therefore cannot look into the testimony, to determine whether the facts are found according to the weight of evidence. There was necessarily a judgment against the plaintiff, and in favor of the defendants; and the only question is whether the proper judgment has been rendered. This depends mainly upon the questions, whether the matter set up in the supplemental

answer of the defendant Fredricks, is a counterclaim within the spirit and meaning of the code, so as to entitle the defendants, or either, or any of them, to affirmative relief; and whether that answer is available to the other individuals composing the firm of Rubens, Fredricks & Co. who are made defendants in the action by the summons and complaint by their firm name only.

There can be no doubt, I think, that the matter thus set up was strictly a counter claim within section 150 of the code. It was a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or was at least connected with the subject of the plaintiff's action. It was for the price and value of the identical goods which were the subject of the action. The question at issue before the supplemental answer was put in, was, which party had the title, or the right to control and dispose of the property.

I do not think it lies with the plaintiff, under the circumstances of this case, to allege that his taking was a mere tort, for the purpose of defeating the counter-claim. And even if an action, sounding in tort, might be maintained by the defendants Rubens, Fredricks & Co., for the taking while the action to determine the title was pending, I am still of the opinion that the cause of action for the value of the goods would constitute a good counter-claim in such a case as this. It existed in favor of certain of the defendants in the action, in whose favor a several judgment might be had against the plaintiff, and the plaintiff might also have had a separate judgment against them. The conditions of the code, therefore, are all fulfilled in respect to this claim of the defendants.

I see nothing for which the judgment should be reversed in the fact that it is rendered for the value of the goods, in favor of the several individuals who compose the firm of Rubens, Fredricks & Co. These defendants were prosecuted by the plaintiff by their firm name, he alleging in his complaint that the name of the individual members of

said firm were unknown to him. Fredricks only appeared and answered in the first instance, claiming the goods in behalf of his firm. He also put in the supplemental answer in which he claims judgment in his own favor for the value of the goods, and not in favor of himself and his copartners individually. After judgment the defendants were allowed by the court, at general term, to amend by entering an appearance *nunc pro tunc* for the other two partners, and to amend the supplemental answer so as to make it a claim in behalf of all the members of the firm individually, and a demand for judgment in their favor. It does not appear from the record how many of these defendants had been served with process, nor why the two who were allowed to appear so as to bind them by the judgment, did not appear at an earlier stage of the proceedings. It is suggested in the respondents' points that these two defendants were residents of a foreign country, and were not served with process. But however this may be, the facts, it is to be presumed, were all before the court when the order granting the amendment was made, and it was an order they had clearly the right to make under section 173 of the code. The case had been fully tried upon its merits, and the amendment was only in furtherance of justice. And where the question is one of a common or general interest of several persons, one or more may be allowed to sue or defend for the benefit of the whole. (Code, § 119.) It was wholly unnecessary to bring in the firm of Kessel Brothers. They did not pretend to have any title to the property, or right of control over it. But even if they were to be regarded as the general owners, the defendants, who were in fact consignees, could recover the value of the property converted by a stranger.

I am of the opinion, therefore, that the judgment is right and should be affirmed.

DAVIES, J. (After stating the facts.) It is apparent that on the trial before the referee, the firm of Rubens,

Fredricks & Co. were regarded as the claimants of the goods in controversy. And they were properly so regarded. That firm was made the parties defendants by the plaintiff, with the defendant Kessel. He alleged in his complaint that the bills of lading for said goods had been wrongfully delivered by the defendant Kessel to that firm; and that said defendants, Rubens, Fredricks & Co., paid the value therefor, and had notice of the plaintiff's rights. That he had demanded said bills of lading of that firm, and that the firm refused to deliver the same, and claimed a right to hold the same, and to be entitled to the possession of the said merchandize described therein. The plaintiff thus made the firm of Rubens, Fredricks & Co., the substantial defendants in the action, and as such they were treated in all the proceedings. The answer interposed, although in form in the name of the defendant Fredricks, was distinctly stated to be in the name and on account of the firm of Rubens, Fredricks & Co., in whose name, and for whose account the said transactions in the answer set forth were made. The supplemental being in continuation of the original answer, is to be construed in connection with it, and the counter-claim therein made, is to be taken and deemed a counter-claim made and interposed on behalf of the said firm of Rubens, Fredricks & Co. The defendant Fredricks individually did not set up or pretend that he had any individual interest in said goods, or in the bills of lading, or that individually he had any counter-claim against the plaintiff. The plaintiff's action was against the firm, and the answers are to be regarded as those of the firm. If this were not so, it is very clear that under the code, the supreme court had full authority and ample power to make the amendment which was ordered, by inserting the individual names of the other members of the firm in the answers and in the judgment. Section 173 of the code authorizes the court, before or after judgment, in furtherance of justice, on such terms as it may deem proper, to amend any pleading, process or proceeding, by adding or

striking out the name of any party, or by correcting a mistake in the name of a party; or a mistake in any other respect; or by inserting other allegations material to the case; or where the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. The supreme court in this case ordered the amendments by amending the judgment in accordance with the facts proved on the trial, on the terms of affirmance of the judgment, without costs of the appeal. These amendments did not substantially change the claim of the plaintiff, or the defense interposed. They were, in fact, in harmony with both, and the power might also be sought for, in the authority given to add the name of any party, or to correct any mistake in the name of any party. The amendments were clearly in furtherance of justice, but if they were not, the order of the supreme court making them, is not open to review in this court. (*New York Ice Company* v. *North Western Insurance Company*, 23 N. Y. 357.) The facts found by the referee are conclusive that the firm of Rubens, Fredricks & Co. were the owners of the goods, and entitled to retain them as against this plaintiff. He having got possession of them, and converted them to his own use, they had a valid claim against him for the value thereof. This counter-claim arose directly out of the transactions set forth in the complaint as the foundation of the plaintiff's claim, and was connected with the subject of the action. (Code, § 150, sub. 1.) It was properly set up in the answer, and correctly passed upon by the referee. The facts proved by him, show that his conclusions of law thereon were correct, and the supreme court rightfully affirmed the judgment.

The judgment should also be affirmed by this court.

SELDEN, J. was absent. All the other judges being for affirmance, judgment affirmed.