[No. 4851.]

## JOHN H. WHEELOCK *v.* THE PACIFIC PNEUMATIC GAS COMPANY.

Waiver of Damages.—If the plaintiff contracts to sell and put up gasoline for shipment in first-class cases, and the defendant contracts to pay for it on the arrival of the bills of lading in due course of mail, and several shipments are made in defective cases, for which payment is made before the vessels arrive, and the defendant receives the gasoline when it does arrive, and with a knowledge that the cases were defective, uses it, he does not thereby waive his claim for damages.

Independent Covenants.—A covenant by one party to sell and ship goods in first-class cases, and by the other party to pay for the goods on the arrival of the bills of lading in due course of mail, are independent covenants, to be performed at different times.

Waiver of Claim for Damages.—Letters containing an express waiver of a claim for damages for the violation of a covenant to ship goods in good cases, are not binding if written without consideration.

COUNTER-CLAIM.—A claim for damages for a violation of a covenant to ship goods in good cases may be set-off by way of counter-claim, in an action brought to recover the price of other goods sold to the defendant.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

In April, 1870, the plaintiff was engaged in the sale and shipment of gasoline in New York City, and agreed with the defendant to sell and ship to San Francisco, gasoline of the specific gravity of 85° at twenty-five cents per gallon, to be paid for by remittance from San Francisco on the arrival of the bills of lading in course of mail from New York. The plaintiff was to put up the gasoline for shipment in first-class cases, of the full measure of five gallons. In addition to previous shipments by vessel and rail, the plaintiff shipped to the defendant, on the 16th of July, 1870, three hundred cases, and on August 3, 1870, one thousand cases, and on August 30, 1870, eight hundred and fifty-seven cases, and on December 11, 1870, four hundred cases. When the shipments were made, the bills of lading were mailed to the defendant at San Francisco, and when the bills arrived, the amount was remitted to the plaintiff at New York. The shipments arrived at San Francisco at different times, and after each had been paid for, except the last, the defendant, with full knowledge that the cases were defective, and that there had been a loss of gasoline, accepted the same, but complained of its loss. The defendant failed to pay for the last shipment. This action was brought to recover the price for the same. The defendant set up, by way of counter-claim, its loss on the previous shipments. The court below rendered judgment in favor of the plaintiff. The defendant appealed.

*Edward J. Pringle,* for the Appellant.

The agreement by the respondent to put up his article in "first-class cans" was not a condition precedent, the performance of which was to entitle him to payment, but an independent agreement, a breach of which would not justify a repudiation of the contract by the appellant, but only a

cross-action for damages. In the case of each shipment, the property passed immediately to the vendee; for payment was to be made in each case upon the receipt of the bill of lading by course of mail from New York. (Benj. on Sales, Sec. 561, p. 482, Secs. 894, 895, 896, 897, and 898; *Fielder* v. *Starkin*, 1 H. Bl. 17; *Pateshall* v. *Tranter*, 3 A. & E. 103; *Day* v. *Pool*, 52 N. Y. 416; *Kellogg* v. *Denslow*, 14 Conn. 411; *Dodge* v. *Minnesota and Bridge Roofing Co.*, 14 Minn. 49; *Muller* v. *Eno*, 14 N. Y. 602; *Carter* v. *Stewart*, 10 B. Mon. 250.)

In the light of these authorities this fact is very clear: that no mere acts of a vendee, such as acceptance, payment of purchase-money, delay in giving notice, or failure to give notice, or to return the goods, can operate technically as a waiver of a breach of an independent covenant by the vendor.

*S. W. Holladay*, for the Respondent.

We maintain that each several shipment and payment therefor constituted a separate contract, and the various shipments and payments did not constitute one entire contract. (Story on Sales, Sec. 240.)

Each party had the right to terminate the arrangement at any time, so that when the defendant paid for each shipment, that ended that matter, and each new shipment was a new transaction, to be judged of by its own merits.

The cause of action set out in this complaint is one of pure contract, and stands confessed as such, and admitted to be in all respects just.

The counter-claim or set-off on which the defense is based, sounds in tort, and has no relation to the present cause of action.

By the Court, Crockett, J.:

The court finds that the plaintiff stipulated in the contract to put up the gasoline for shipment in first-class cases; and that this stipulation was violated in respect to several of the shipments, and by reason thereof the defendant suffered damage and loss in a sum exceeding the plaintiff's demand.

No such damage is alleged or claimed in respect to the last shipment, for the price of which this action is brought. But the defendant sets up the damage suffered from this cause on the prior shipments by way of counter-claim. The court, however, finds that the defendant accepted the shipments in the defective cans, with full knowledge of the defects and of the loss occasioned thereby; and, as a conclusion of law, the court finds that the counter-claim is not valid, because the defendant regarded the loss as its own, and that by paying for these shipments it waived all objections to the cans. The conclusions of law are not supported by the facts found. The price of each shipment was to be paid by the defendant on the arrival of the bills of lading in due course of mail; and the payment was not made to depend upon the arrival of the cargo in good condition or otherwise. The covenant by the plaintiff as to the cans, and by the defendant as to payment, were independent covenants, to be performed at different times. The shipments in defective cans did not, in fact, arrive until after they had been paid for, and, of course, the defendant had no opportunity to examine the cases until after payment. The payment, therefore, can in no sense be deemed to be a waiver of the defendant's objection to the cans, or of their claim to damages for a breach of the contract by the plaintiff. Nor do we find anything in the letters from the defendant to the plaintiff which can be held to be a waiver of the claim for damages. But if they had contained an express waiver, it would have been void for want of consideration.

We are also of opinion that the claim for damages constituted a valid counter-claim, under the second subdivision of section four hundred and thirty-eight of the Code of Civil Procedure. The action is upon contract, and the counter-claim is a " cause of action arising also upon contract," and existing at the commencement of the action. Nor will it make any difference, if the damages arising from the breach of the contract were unliquidated, as they are alleged to have been. They nevertheless constituted a valid counter-claim. (Pomeroy on Remedies and Remedial Rights, pp. 815 and 817, and authorities there cited.)

Judgment and order reversed and cause remanded, with an order to the court below to enter a judgment on the findings in favor of the defendant and against the plaintiff for the amount found due on the counter-claim in excess of the plaintiff's demand.

WALLACE, C. J., not having heard the argument, took no part in the decision.