WASSERMAN et al. v. TAUBIN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. JURY (§ 14*)—RIGHT TO TRIAL BY JURY—ACTION FOR MONEY ONLY.

 Where plaintiff sued to recover for breach of an agreement to sell land, demanding only a money judgment, and the answer among other things embraced a counterclaim for the specific performance of the contract, plaintiff was entitled to a jury trial of the issues arising upon the complaint and answer, under Code Civ. Proc. § 968, subd. 1 providing that an issue of fact must be tried by a jury, unless a jury is waived, where the complaint demands judgment for a sum of money only; and it was error, when the cause was reached on the Trial Term calendar, to strike it from the calendar and compel plaintiffs to accept defendants' notice of trial of the issues arising under their equitable counterclaim at the Special Term.

 [Ed. Note.—For other cases, see Jury, Dec. Dig. § 14.*]

2. TRIAL (§ 3*)—SEPARATE TRIALS IN SAME CAUSE—EQUITABLE COUNTERCLAIM.

 If defendants wished a trial of the issues arising upon their equitable counterclaim at Special Term, they should have moved for an order directing separate trials in the appropriate forum of the separate issues, and the order thereof.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

Appeal from Special Term.

Action by Sam Wasserman and another against Max Taubin and another. From an order striking the cause from the Trial Term calendar, and requiring plaintiffs to accept defendants' notice of trial for a Special Term, plaintiffs appeal. Reversed, and ordered denied.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel Schlesinger, for appellants.
Louis R. Boudin, for respondents.

MILLER, J. The action is brought to recover the amount of a deposit and damages for the breach of an agreement to sell and convey real property. The complaint demands judgment for a sum of money only. The answer, among other things, pleads a counterclaim for the specific performance of said contract, to which the plaintiffs replied.

The plaintiffs properly noticed the cause for the Trial Term, and could not be deprived of the right to a jury trial by an order striking the cause from the calendar. See section 968, Code Civ. Proc. The motion was granted on the authority of Thomas v. Bronx Realty Co., 60 App. Div. 365, 70 N. Y. Supp. 206. That case held that, pursuant to section 974 of the Code of Civil Procedure, the defendant was entitled to a trial of the issues arising upon the counterclaim and reply at the Special Term, not that the plaintiff could be deprived of his right to a trial by jury of the issues arising upon the complaint and answer. Indeed, it was held in that case that the defendant was not entitled to stay the trial of the latter issues at a Trial Term, pending the trial and determination of the former issues at Special Term, for the reason that he might, by the exercise of reasonable diligence, have the former issues tried at Special Term before the issues for the Trial Term could be reached for trial. Where the defendant has pleaded an equitable counterclaim, if he wishes a trial of the issues arising thereupon at Special Term, the proper practice is to move for an order directing separate trials in the appropriate forum of the separate issues, and the order thereof. Goss v. Goss, 126 App. Div. 748, 111 N. Y. Supp. 115. The court may then determine whether the issues should be tried separately.

The order should be reversed, and motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.

GAYNOR, J. (concurring). Section 974 of the Code of Civil Procedure provides that where the defendant pleads a counterclaim, "the mode of trial of an issue of fact arising thereon, is the same as if it arose in an action" brought for the cause of action alleged in the counterclaim. It says the "mode" of trial, and not the place, or particular part or subdivision of the court, or court room, in which the trial is to be tried, as some have interpreted it from sheer lack of experience in the trial of causes and of familiarity with legal nomenclature and terminology. A counterclaim must tend to defeat or diminish the plaintiff's recovery; and an equity cause of action arising out of the same contract or transaction as that set out in a common law complaint may be pleaded thereto. Code Civ. Proc. § 501. The "mode" of trial thereof is the same as if an action had been brought upon it, viz., it is tried before a Judge, who has to make and file a written decision, viz., findings of fact and conclusions of law. There is nothing whatever in the way, in the Code or in actual practice, of that being done by the trial Judge who presides at the jury trial of the issues raised on the complaint, i. e., by the denials in the answer, and at

the same trial in which such jury issues are tried. The jury having rendered their verdict, the trial Judge would then make and file his decision on the counterclaim. If in the present case, for instance, the verdict should be for the plaintiff on the issues raised on the complaint, the trial Judge would also have to decide for the plaintiff on the counterclaim, the issues of fact on the complaint and on the counterclaim being the same; unlesss he should set the verdict aside, in which case he would make and file a decision for the defendant on the counterclaim, and the judgment thereon would be res adjudicata of the cause of action alleged in the complaint if it should be brought on for trial again. In either case, all of the issues would be completely disposed of. This was all perfectly well understood until more recent years, and is still understood by lawyers of science and experience in the practice of the law, and I am not willing to give it up out of mere regard to any mistaken decision. In this case the plaintiff had the right to file a note of issue for the jury calendar of his cause of action, and the defendant had the right to file a note of issue for the equity calendar of his counterclaim. If the cause should be reached for trial on the jury calendar first, all of the issues could be then tried in the manner already stated, but if the issues on the equity calendar should be reached first, they could be tried in the equity part of court, and the judgment thereon would be res adjudicata of the issues on the jury calendar when they should be reached.