JOHN F. WEINHEIMER, Respondent, *v.* ALEXANDER J. Ross et al., Appellants.

Real property — vendor and purchaser — action to rescind contract and recover purchase money paid on contract — counterclaim by vendor asking for specific performance — effect of answer that vendor can furnish good title before decree.

1. A purchaser of real property is not entitled to rescind the contract therefor where he fails to show that he is ready and willing to perform on his part, upon compliance by the vendor with such demands as he had a right to make, under the terms of the contract.

2. In an action at law to recover money paid under a contract for the purchase of real estate the vendor may interpose an equitable counterclaim for specific performance, and may invoke the rule that it is a sufficient answer to a claim for rescission that the party is able to make his title good before decree.

*Weinheimer* v. *Ross*, 140 App. Div. 919, reversed.

(Argued May 17, 1912; decided June 4, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 26, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward R. O'Malley* and *Julius A. Schreiber* for appellants. Before plaintiff could rescind contract he was obliged to offer and tender performance. (*Higgins* v. *Eagleton,* 155 N. Y. 474; *Lighthall* v. *McGuire,* 20 App. Div. 248; *Tonge* v. *Newell,* 16 App. Div. 500; *Ziehen* v. *Smith,* 148 N. Y. 558; *H. & C. S. B. R. R. Co.* v. *L. I. R. R. Co.,* 48 Barb. 355; *Cornell* v. *Hayden,* 114 N. Y. 271; *Selleck* v. *Tallman,* 87 N. Y. 106.) The court has power to compel specific performance when title has been perfected after action has been commenced. (3 Pars. on Cont. 399; *Pakas* v. *Clarke,* 136 App. Div. 492; *Schiffer* v. *Dietz,* 83 N. Y. 312; *Jenkins* v. *Fahey,* 73 N. Y. 355; *Baumeister* v. *Demuth,* 84 App. Div. 394; 178 N. Y. 630; *R. P. D. Church* v. *Mott,* 7 Paige, 77; *Grady* v. *Ward,* 20 Barb. 543; *Frain* v. *Klein,* 18 App. Div. 64; *Smith* v. *Sturges,* 108 N. Y. 502.)

*Alfred H. Martin* for respondent. At the time of their tender and when this action was commenced, defendants had not a sufficient release, which they now admit was necessary, and they then refused to get it. Plaintiff refused to accept this tendered conveyance and demanded back his money. Defendants' said refusal was a clear breach by defendants, acted upon by plaintiff. The contract was then at an end, and plaintiff's right of action was ripe, and cannot be defeated by any subsequent act on the part of the defendants. (*Titus* v. *G. F. Ins. Co.,* 81 N. Y. 410; *Howard* v. *Daly,* 61 N. Y. 362; *C. Nat. Bank* v. *Westel,* 96 App. Div. 85; *Bernstein* v. *Meech,* 130 N. Y. 354.) Having refused to get the release, which the vendors now admit was necessary, and thus broken their contract, and the plaintiff having acted upon such refusal and brought this action, they cannot now retract such refusal, procure the release and

ask for performance. (*Bernstein* v. *Meech,* 130 N. Y. 354; *Windmuller* v. *Pope,* 107 N. Y. 674; *Ferris* v. *Spooner,* 102 N. Y. 10; *Zorn* v. *McParland,* 8 Misc. Rep. 126.)

WILLARD BARTLETT, J. This is an action at law by the vendee in a contract for the purchase and sale of certain real estate in Buffalo to recover from the vendors a part of the purchase money paid under the contract.

The answer interposed a denial of the allegation in the complaint that the defendants were unable to convey a good title free of incumbrances to the premises contracted to be conveyed and also set up a counterclaim praying for specific performance.

The case was tried by consent before the court without a jury.

The difference between the parties related (1) to the validity of the defendants' title to the premises agreed to be conveyed; and (2) to the existence of a mortgage lien thereon which the defendants claimed had been released.

The trial court held that the defendants' title was good but that there was a mortgage lien upon the property originally amounting to upwards of $10,000 on which there remained unpaid $81.00 or thereabouts.

It was also found that the defendants had recorded a release of this mortgage lien pending the trial of the action. The trial judge must have deemed this release unavailable to the defendants as he awarded judgment against them for the entire amount of the purchase money paid to the defendants up to the time when the plaintiff undertook to rescind the contract, together with interest, amounting in all to $4,418.24 and costs.

I am of opinion that the plaintiff was not in a position to maintain an action for the purchase money.

There is no finding that he was ready and willing to perform the contract on his part when he notified the defendants that the contract was abrogated, canceled and

annulled by reason of their refusal to procure an additional deed of the land and an additional release of the mortgage lien, both of which he demanded. On the contrary, it appears that the plaintiff was unwilling to perform the contract unless both these instruments were furnished. The finding of the trial court is to the effect that the defendants' title was good without any additional deed. Upon the theory on which the case was decided the plaintiff was wrong in demanding such deed, while the defendants were wrong in refusing to furnish the additional release from the mortgage. Under these circumstances the plaintiff as long as he insisted upon the additional deed could not rescind the contract. He asked too much. In order to maintain this action for the purchase money paid he was bound to show a readiness to perform on his part upon the defendants' compliance with the only demand which the court held he was entitled to make — to wit, the production of a full release from the mortgage lien. He never avowed his willingness to do this, but continued to insist upon an additional conveyance to make the title good — which the court had held was not needed.

Notwithstanding the fact that this was an action at law, the defendants could interpose an equitable counterclaim for specific performance as they did; and if it shall appear upon the new trial, which I think we must order, that the position of the parties has not changed so as to make it inequitable, the defendants can invoke in their behalf the operation of the general rule in equity that it is a sufficient answer to a claim for rescission that a party is able to make his title good before decree. (*Schiffer* v. *Dietz*, 83 N. Y. 300, 312; *Hepburn* v. *Dunlop*, 1 Wheaton [U. S.], 179.) The lien of the mortgage was for an insignificant amount and if it has been disposed of by the additional release recorded since this suit was begun there would appear to be no obstacle to the performance of the contract with entire justice to both parties upon such

conditions as to costs as shall appear fair and equitable to the trial court.

For these reasons I advise a reversal of the judgment and a new trial, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.