FORSYTH LEASING Co., INC., Appellant, *v.* KITTY SACKS, Defendant, Impleaded with SACKLIT REALTY AND DEVELOPMENT CORPORATION, Respondent.

Second Department, March 15, 1929.

*E. Lloyd Meyer* [*Samuel Hellinger* with him on the brief], for the appellant.

*Harry Loeb Mostow* [*Louis Scadron* with him on the brief], for the respondent.

KAPPER, J. Plaintiff, the assignee of a contract for the purchase of real estate, sues to impress a lien for the down payment made by its assignor, the vendee, on the signing of the contract. The defendant Kitty Sacks was the vendor. The contract was made August 4, 1925. On the closing day it was claimed by the plaintiff that the vendor was unable to convey because of the presence in the premises of tenants, the existence of certain mortgages as to which it was claimed there was no certificate tendered certifying the amount unpaid thereon, and because of the presence of certain objectionable clauses in one of the mortgages, besides which it was stated that a purchase-money bond and mortgage tendered by the vendor was not in compliance with the terms of the contract. With these alleged defects or shortcomings, we are not concerned.

The complaint contains a second cause of action, alleging that after plaintiff's claim for a recovery of the down payment and the impressment thereof as a lien had matured the vendor executed a conveyance of the property to the codefendant, Sacklit Realty and Development Corporation, which conveyance is alleged to have been made without consideration and with the intent on the part of the defendants to defraud plaintiff " of its just claim against the defendant, Kitty Sacks, and to prevent the plaintiff from foreclosing its lien against said real estate." The prayer for relief is that plaintiff be adjudged to have a lien for the amount of said down payment and that the property be sold to satisfy the lien.

A supplemental answer was served by the respondent, Sacklit Realty and Development Corporation, which sets up as a " complete defense and counterclaim " a demand for specific performance upon

the part of the plaintiff. Plaintiff moved to dismiss this counterclaim upon the ground " that the same does not set forth facts sufficient to constitute a counterclaim; " and from the order denying this motion the plaintiff appeals.

The argument of the appellant, in brief, is that specific performance by the vendor's grantee may not be enforced as against the plaintiff, assignee of the vendee, for want of mutuality or privity of contract between the parties.

While an assignee of a vendee, succeeding by force of the assignment to the position of the original vendee as the equitable owner of the subject of the sale, may maintain an action against the vendor for the specific performance of the contract (*Epstein* v. *Gluckin,* 233 N. Y. 490), it has also been held (*Langel* v. *Betz,* 250 N. Y. 159) that a vendor may not maintain an action for specific performance against the vendee's assignee where the assignee has entered into no personal and binding contract with the assignor or with the vendor to assume his assignor's obligation. The question whether the same rule would obtain as to the vendor's grantee is not before us, but there seems to be no distinction in principle in so far as the right to maintain such an action is concerned. On the other hand, it has been held that a vendee's lien will prevail against a subsequent grantee of the vendor with notice. (*Larson* v. *Metcalf,* 201 Iowa, 1208.) Such is the case here, according to the allegations of the complaint.

We are now, however, dealing with a counterclaim by a party made such by the assignee of the vendee who asserts that such party purchased with notice and in fraud of the plaintiff's rights so that a vendee's lien by the assignee is obtainable, and a court of equity is invoked by such assignee to bring about that result. I am of the opinion that this state of facts distinguishes this case from *Langel* v. *Betz* (*supra*). That case points out the limitations of the decision. It did not hold that a vendor could not counterclaim for specific performance when haled into court by a vendee's assignee seeking to impress his property in equity with a vendee's lien.

Where a vendee sues at law, his vendor may interpose " an equitable counterclaim for specific performance." (*Weinheimer* v. *Ross,* 205 N. Y. 518, 521.) And it must necessarily and more strongly follow that in a suit in equity by the vendee or his assignee, seeking to impress a lien upon the vendor's property for the down payment upon the ground that the vendor was unable to convey, the vendor may interpose his " equitable counterclaim " for specific performance, so that if it shall appear upon the trial " that the position of the parties has not changed so as to make it inequitable, the defendants [vendors] can invoke in their behalf the operation

of the general rule in equity that it is a sufficient answer to a claim for rescission that a party is able to make his title good before decree." (*Weinheimer* v. *Ross, supra.*)

We have held that specific performance may be decreed against the assignee of a contract for the sale of real property on a counterclaim by the vendor in an action brought by the assignee to recover the amount paid on the assignment of the contract. (*H. & H. Corporation* v. *Broad Holding Corporation,* 204 App. Div. 569; *Nasha Holding Corporation* v. *Ridge Building Corp.,* 221 id. 238, 244.) This ruling is in accord with that announced in *Weinheimer* v. *Ross* (*supra*).

It must be held in this case that the assignee, plaintiff, is suing upon an existing contract, a contract importing mutual and reciprocal obligations. The assignee here " does. not elect to nullify the contract nor seek remission to his original rights when he asserts his acquired rights," namely, a lien as equitable owner of so much of the land as represents the amount of money he paid on account. (*Elterman* v. *Hyman,* 192 N. Y. 113, 126.) Judge VANN added in that case: " The vendee does not rescind when without fault he goes into a court of equity and insists on a right springing from the contract and payment thereon pursuant to its terms. He does not repudiate the contract, but stands on it and affirms it as the foundation of the right he seeks to enforce, as fully as if he sought entire specific performance. He does not abandon his equitable ownership by trying to assert it in the only way that it can be asserted."

The plaintiff's claim here is that a valid contract was made but that the vendor is unable to perform it; and where the claim asserts a vendee's lien because of the vendor's inability to convey, there is no election " to treat the contract as void in its inception " but as subsisting. " The distinction is between abandonment of performance and rescission *ab initio*." (*Flickinger* v. *Glass,* 222 N. Y. 404, 408.) Equity, therefore, while recognizing the right of the assignee of the vendee to compel specific performance, nevertheless subjects him to equitable principles, because in invoking the aid of a court of equity under a claim of a subsisting contract he may be said to have made the obligations of the contract his own as well as his rights thereunder. " The assignee by the very act of invoking the aid of equity, assumes the duty of performance, and subjects himself to any conditions of the judgment appropriate thereto." (*Epstein* v. *Gluckin, supra,* 493.)

In so far as concerns the pleadings, the counterclaim, although inconsistent with the general denial of the Sacklit Realty and Development Corporation that it became a grantee with notice, is properly pleaded. Inconsistent defenses are properly pleadable.

(*Carter, Macy Co., Inc.*, v. *Matthews*, 220 App. Div. 679, 690.) We hold, therefore, that a vendor's grantee who is charged with being the vendor in fact may, when sued by the vendee's assignee to impress a lien on the property for the down payment, interpose a counterclaim for specific performance.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., RICH, YOUNG and SEEGER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.