[L. A. No. 10521. In Bank.—October 1, 1930.]

TERRY TRADING CORPORATION (a Corporation), Respondent, v. BUD BARSKY, etc., Appellant.

430

Nathan Goldberg and Edward Lindley for Appellant.

John W. Hart and Delvy T. Walton for Respondent.

LANGDON, J.—This is an appeal by defendant from a judgment for plaintiff, entered after an order sustaining general demurrers to defendant's answer and cross-complaint, without leave to amend.

The action was brought to collect the sum due on a promissory note. The complaint was filed August 10, 1927. The chief allegations of the said complaint are that the said note was for $17,512.71, with interest at six per cent; that it was executed and delivered by defendant to plaintiff in New York City on October 6, 1926; that by its terms it was payable at Bank of Italy, Hollywood, California, nine months after date; that it became due on July 6, 1927; that no part of the principal nor interest has been paid except the sum of $1200; and that the balance due and unpaid amounts to $16,687.38 principal, $389.52 interest, together with interest on the said balance of the principal at the rate of six per cent per annum from February 14, 1927, to July 6, 1927, and thereafter at the rate of seven per cent.

On September 26, 1927, defendant filed an answer, which included a counterclaim, and also filed a cross-complaint. General and special demurrers to each were sustained. Defendant filed an amended answer, containing two separate defenses and a counterclaim, and an amended cross-complaint containing three causes of action. General demurrers were sustained to the amended answer and to the first two causes of action in the amended cross-complaint. A second amended answer and cross-complaint were filed. This time general demurrers to each were sustained without leave to amend. Thereafter, on January 17, 1928, judgment was entered in favor of plaintiff as prayed for.

An examination of the pleadings shows that defendant does not directly allege that he has paid the note, and he makes no such contention in his brief. It is therefore unnecessary to consider the sufficiency of the denial of the allegation of nonpayment in the first defense. The facts relied upon in such first defense are more fully and more properly pleaded elsewhere.

The elements of defendant's case, set forth with some duplication in the answer and cross-complaint, boil down to pleas of usury and breach of contract, and a demand for an accounting.

In the answer it is alleged, in substance, that the note sued upon is one of a series executed by the defendant in accordance with a certain contract, dated July 29, 1925, between plaintiff and defendant, the said contract being incorporated by reference into the answer; that a rate of interest was charged in excess of that permitted by the law; and that the excess interest amounts to the sum of $6,500, which is included as a part of the principal in the note sued upon therein. In the first cause of action of the cross-complaint more facts are stated. Among other things, it is alleged that by the terms of the above-mentioned contract, defendant agreed to use the laboratory of Hirlagraph Company, plaintiff's agent, exclusively, for the development of its films for a period of five years, and to secure certain materials from said agent of plaintiff at an excessive price, the result being an overcharge for the loan of about $6,500; that under said contract defendant assigned all of his contracts with his customers and the right to collect the sums due thereon to plaintiff, and that plaintiff has made collections in excess of $6,500; and that the said contract is a "scheme and device" on the part of plaintiff to evade the Usury Act (Stats. 1919, p. lxxxiii).

The courts will not permit an evasion of the Usury Law by any subterfuge, and it is always permissible to show that a transaction, ostensibly lawful, actually constituted a usurious loan and was made with intent to evade the statute. (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 616 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805].) Of course, the mere fact that defendant may have been required to enter into an unprofitable contract as a condition to a loan of money would not itself make the loan usurious.

On the other hand, the law would be violated if the lender provided for a lawful rate of interest in the note itself, but required additional and excessive interest by the terms of a collateral agreement. Nor would it make any difference that the additional and excessive amounts of interest were designated as payments for services or materials furnished by the lender or his agent, if they were actually intended as interest. The test is whether there was the intent to evade the law, and the circumstances and negotiations which preceded the transaction may be material in determining such intent. (*Lamb* v. *Herndon*, 97 Cal. App.

193 [275 Pac. 503]; *Douglass* v. *Boulevard Co. et al.,* 91 Conn. 601 [100 Atl. 1067]; *Lowenstein & Sons* v. *British-American Mfg. Co.,* 300 Fed. 853; *Clemens* v. *Crane,* 234 Ill. 215 [84 N. E. 884]; cases collected in notes, 21 A. L. R. 797, 812, and 53 A. L. R. 746; Coffin, Usury in California, 16 Cal. L. Rev. 296, 415, 416, 422.) It is said by the court in *Douglass* v. *Boulevard Co. et al., supra,* at 100 Atl., page 1068, that "whether such an intention is present is always a question of fact for the jury. No device can be invented and no disguise can be put on which will make a contract valid if behind or underneath an intent to evade the statute is found. It then must follow that every circumstance surrounding or connected with the transaction is material, if in any manner it will reveal the intention of the parties." And in *Clemens* v. *Crane, supra,* at 84 N. E., page 889, the court said: "It is the constant practice of courts to resort to extrinsic evidence to determine the question of usury. (2 Jones on Evidence, sec. 441; 1 Elliott on Evidence, sec. 591; *Ferguson* v. *Sutphen,* 3 Gilm. 547; *Reeve* v. *Strawn,* 14 Ill. 94.) Resort to parol evidence in such cases does not in any way depend upon the existence of an ambiguity in the written contract, but it is justified on the ground that the charge of usury raises a question of the legality of the instrument to the extent that usury, under the statute, renders contracts illegal or void." ▮ The authorities leave no doubt as to the right of defendant to have this issue tried. Of course, the burden, and a heavy one, rests upon him to establish the evasion. (*State* v. *Bauer Cooperage Co.,* 3 Fed. (2d) 214; *Friedman* v. *Wisconsin Acceptance Corp.,* 192 Wis. 58 [53 A. L. R. 758, 210 N. W. 831].)

▮ A question of conflict of laws is raised by plaintiff, the contention being made that the note recites its execution in New York and its validity is therefore to be governed by the law of New York, despite the fact that the place of payment is in California. There is some uncertainty under the pleadings as to where the note was actually made, and there is some confusion in the decisions as to whether the legality of the note is to be determined by the law of the place of execution, or that of the place of performance. (See 6 Page on Contracts, 6217–6223, secs. 3596, 3597, 3598, 3598a; Goodrich on Conflict of Laws, p. 238,

sec. 108.) The question is not, however, really involved in this case. New York also has a usury law (General Business Law, art. XV, sec. 370 et seq.; 3 Birdseye, Cummings & Gilbert's Consolidated Laws of New York, 2d ed., p. 2590) and our courts will take judicial notice of such law. (Code Civ. Proc., sec. 1875, subd. 3.) ■ Moreover, usury as a defense need not be pleaded; the court will, as in other cases of illegality, deny the recovery of usurious interest on its own motion. (*Wallace* v. *Zinman*, 200 Cal. 585, 589 [62 A. L. R. 1341, 254 Pac. 946].) Since there is, therefore, no actual *conflict of laws* on this point, and no necessity of pleading usury, it would seem that the demurrer served no purpose, and should have been overruled.

■ Defendant sets up a claim for treble interest by way of cross-complaint. No point is made in the briefs as to which law governs the defendant's remedy, but since it appears that the New York law makes a usurious contract wholly void, there can be no objection to the choice of the less drastic relief sought by defendant under the law of California. Several contentions are made by plaintiff with respect to lack of compliance of this pleading with section 442 of the Code of Civil Procedure, on cross-complaint.

■ We have heretofore held, however, that treble interest may be recovered by *counterclaim* under section 438 of the Code of Civil Procedure. (*Rice* v. *Dunlap*, 205 Cal. 133 [270 Pac. 196].) Our courts have on a number of occasions taken note of the uncertain line of division between counterclaim and cross-complaint under our statutes, and have held that the nature of the pleading will be determined from its allegations, regardless of improper designation. (*Pickwick Stages* v. *Board of Trustees*, 189 Cal. 417 [208 Pac. 961]; *Bledsoe* v. *Stuckey*, 47 Cal. App. 95 [190 Pac. 217]; *Kirtley* v. *Perham*, 176 Cal. 333 [168 Pac. 351]; *Pfister* v. *Wade*, 69 Cal. 133 [10 Pac. 369]; 23 Cal. Jur. 279, sec. 43.)

The second part of defendant's case consists of the plea of breach of contract. In brief, it is alleged that the note was one of a series, executed pursuant to the contract of July 29, 1925; that the note was given in payment of printing motion picture positives in accordance with said contract; that the contract required plaintiff to print upon such stock as defendant might specify; that defendant

specified Eastman stock; that plaintiff disregarded said specification and printed upon an inferior and unmerchantable type; and that by reason thereof defendant was damaged in the sum of $10,000. These facts are pleaded as a "defense and counterclaim" in the answer, and also by way of cross-complaint.

As the third cause of action in his cross-complaint, defendant (cross-plaintiff) alleged that under the above-mentioned contract he borrowed the sum of $51,000 from plaintiff (cross-defendant) and as security therefor assigned to plaintiff all of his interest in certain contracts with his customers, and the right to collect all moneys receivable from said customers; that plaintiff was authorized and instructed in accordance with the contract to credit defendant on his debt with such sums collected; that plaintiff has collected various sums, the exact amount of which is unknown to defendant; that defendant has demanded and has been refused an accounting. It is also alleged on information and belief that plaintiff has collected sums from such customers in excess of moneys which might be due it under the loans referred to in the contract. Accordingly, defendant prays for an accounting and judgment for such excess.

There can be no doubt but that the above allegations of breach of contract and necessity for an accounting sufficiently state a cause of action. The only questions are whether they may properly be pleaded in this action, and if so whether they should have been set up as counterclaims or by cross-complaint.

Under the amendment to section 438 of the Code of Civil Procedure, adopted in 1927 and prior to the filing of the answer and cross-complaint herein, the sole requisites of a counterclaim are that it "must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action." All of the other limitations were abolished by this amendment, and an intent on the part of the legislature to avoid multiplicity of suits and to have all conflicting claims between the parties settled in a single action was most clearly manifested. In the instant case, obviously, both the claim for damages and the demand that plaintiff account for sums collected and not

credited on defendant's obligation tend to diminish or defeat plaintiff's recovery. Under the amendment it is not necessary that there be any connection between the cause of action set up in the complaint and that which forms the basis of the counterclaim. Indeed, the statute contemplates the pleading of unrelated matters as counterclaims by providing that "the court may, in its discretion, order the counterclaim to be tried separately from the claim of the plaintiff." (Code Civ. Proc., sec. 438; McBaine, Recent Pleading Reforms in California, 16 Cal. L. Rev. 366.)

Even prior to the amendment, both causes would have been valid counterclaims. Section 438 formerly read as follows: "The counterclaim mentioned in the last section (section four hundred and thirty-seven) must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: 1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; 2. In an action arising upon contract; any other cause of action arising also upon contract and existing at the commencement of the action."

The counterclaim for damages for breach of contract is not only a "cause of action arising also upon contract" under subdivision 2, *supra,* but also, under the facts alleged by defendant, "arises out of the transaction set forth in the complaint," under subdivision 1, *supra.* The counterclaim for an accounting is set forth with allegations sufficient to bring it within subdivision 1. The courts have broadly interpreted the "transaction" clause. Thus, in *Story & Isham Commercial Co.* v. *Story,* 100 Cal. 31 [34 Pac. 671, 673], it is said: "From an early day the tendency of judicial decisions has been to avoid circuity of action and multiplicity of suits, by permitting matters growing out of the same transaction which might constitute an independent cause of action to be given in evidence by way of defense, and the foregoing section of the Code of Civil Procedure is an additional legislative step in the direction of this judicial tendency. As a corollary therefrom *it follows that the form in which the plaintiff may set out his cause of action ought not to be conclusive upon the right of the*

*defendant to set forth his counterclaim in his answer.* The plaintiff is to set forth the facts which constitute his cause of action, but, if the other facts in the transaction are so connected with those set forth as to defeat their legal effect, the defendant is not precluded from setting them up by reason of the form which the plaintiff may have chosen for presenting his own side of the case. (Pomeroy on Remedies, sec. 722; *Gordon* v. *Bruner,* 49 Mo. 570; *Brady* v. *Brennan,* 25 Minn. 210; *Bitting* v. *Thaxton,* 72 N. C. 549; *Thompson* v. *Kessel,* 30 N. Y. 383; *Chandler* v. *Childs,* 42 Mich. 128 [3 N. W. 297].)

"It is for the purpose of enabling the court to render a judgment by which the rights of the parties may be finally determined in the same action, rather than to compel another action, that the code permits a defendant to set up in his answer any new matter arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim; and, if the plaintiff omits or fails to set forth in his complaint the entire transaction out of which his claim arose, the defendant may supplement this omission by setting forth in his answer the omitted facts so that the entire transaction may be before the court. The plaintiff is not at liberty to select an isolated act or fact which is only one of a series of acts or steps in the entire transaction, and insist upon a judgment on this fact alone, if the fact is so connected with others that it forms only a portion of the transaction." (Italics ours.) (See, also, 1 Sutherland on Code Pleading, 379, sec. 633; Pomeroy on Code Remedies, 5th ed., p. 1054, sec. 650; *Scott* v. *Waggoner,* 48 Mont. 536 [L. R. A. 1916C, 491, 139 Pac. 454]; *Advance Thresher Co.* v. *Klein,* 28 S. D. 177 [L. R. A. 1916C, 514, 133 N. W. 51]; and exhaustive annotations, L. R. A. 1916C, 445.)

▇▇▇ It is, of course, no objection to the demand for an accounting that it is equitable in nature, and is asserted in an action on a note, which is an action "at law." It is well settled that under the system of code pleading equitable defenses and equitable counterclaims may be set up in actions at law, as well as legal defenses and counterclaims in suits in equity. (*Roberts* v. *Donovan,* 70 Cal. 108, 112 [9 Pac. 180, 11 Pac. 599]; *Fighiera* v. *Radis,* 180 Cal. 660 [182 Pac. 418]; 1 Sutherland on Code Pleading, 376, sec. 631; Pomeroy on Code Remedies, 5th ed., p. 1035,

sec. 640, p. 1083, sec. 668; *Weinheimer* v. *Ross*, 205 N. Y. 518 [99 N. E. 145]; *Wasserman* v. *Taubin*, 129 App. Div. 691 [114 N. Y. Supp. 447].) Nor is it a valid objection to a counterclaim that it is based upon an *unliquidated* demand. Neither the old nor the new statute requires that the claim be liquidated. (*Wheelock* v. *Pacific Pneumatic Gas Co.*, 51 Cal. 223; 1 Sutherland on Code Pleading, 376, sec. 631; Clark on Code Pleading, p. 439, sec. 98.) It is likewise perfectly proper to seek affirmative relief by way of counterclaim, which may not only defeat plaintiff's recovery but result in an affirmative judgment for defendant on his counterclaim. Such a judgment was rendered in the case of *Story & Isham Commercial Co.* v. *Story*, 100 Cal. 30 [34 Pac. 671]. (See, also, *Williams* v. *Pacific Surety Co.*, 66 Or. 151 [127 Pac. 145, 131 Pac. 1021, 132 Pac. 959, 133 Pac. 1186]; *Singer Sewing Mach. Co.* v. *Burger*, 181 N. C. 241 [107 S. E. 14]; Clark on Code Pleading, p. 439, sec. 98, p. 449, sec. 99.)

It is apparent, therefore, that the demurrers were improperly sustained as to these portions of defendant's case. As already pointed out, it is immaterial that the counterclaims were incorrectly designated as parts of a cross-complaint. Plaintiff contends that in a number of instances the allegations of the answer and so-called cross-complaint are lacking in clearness and detail. Doubtless these pleadings could be improved upon, but it can hardly be said that they fail to apprise plaintiff of the defenses and demands for affirmative relief which defendant makes. It is sometimes a difficult task for the pleader to state enough facts to establish his cause of action or defense, and also to avoid the inclusion of confusing evidentiary matter. The code has provided adequate means for the correction of an error in either direction; the adverse party may move to strike out the evidentiary matter or demur specially to an inadequate statement of the facts on the ground of uncertainty or ambiguity. But to deny the party his right to a trial, there must be an obvious failure of the pleadings to state a cause of action or defense. This is not the case here, and as against the general demurrers, they should stand. We are enjoined by statute to construe pleadings liberally (Code Civ. Proc., sec. 452) and such has been our practice. (*Mix* v. *Yoakum*, 200 Cal. 681 [254 Pac. 557]; *Menefee* v.

*Oxnam,* 42 Cal. App. 81 [183 Pac. 379]; *Johnson* v. *Dixon Farms Co.,* 29 Cal. App. 52 [155 Pac. 134, 136].)

It follows that the general demurrers were not well taken, and the judgment is therefore reversed, with directions to the trial court to overrule the same.

Richards, J., Seawell, J., Shenk, J., Curtis, J., Waste, C. J., and Preston, J., concurred.