[L. A. No. 4912. Department One.—July 1, 1919.]

## LOUISE N. FIGHIERA et al., Appellants, v. WILLIAM F. RADIS, Respondent.

[1] DECLARATION OF TRUST — SALE OF PROPERTY — ACTION TO RE-DEEM—PLEADING—OWNERSHIP OF PROPERTY—ISSUE MADE BY AN-SWER.—In an action against the defendant for an accounting of his proceedings under a declaration of trust and for a reconveyance of the property to the plaintiffs on payment of the amount found to be due, the question of ownership of the property was clearly put in issue by an answer alleging that the defendant was the owner of the property.

[2] ID.—GENERAL FINDING OF OWNERSHIP—ABSENCE OF RECORD—SUF-FICIENCY OF ANSWER—PRESUMPTION.—In an appeal on the judg-ment-roll alone, the appellate court will presume from the general finding of defendant's ownership that the parties treated the answer as sufficient to raise an issue in regard thereto.

[3] ID.—NATURE OF INSTRUMENT—WHEN IMMATERIAL.—Where the in-strument contains a power of sale to raise money to pay a debt, and the power has been duly exercised, it is immaterial whether such instrument is, in form, a deed of trust or a mortgage, since the sale would be valid in either alternative.

[4] ID.—POWER OF SALE—AUTHORIZATION BY MORTGAGE.—A power of sale may be conferred by a mortgage upon the mortgagee or any other person, to be exercised after a breach of the obligation for which the mortgage is security.

[5] ID.—SALE UNDER POWER IN MORTGAGE—CONVEYANCE OF TITLE.—A sale under a power contained in a mortgage, if properly conducted in accordance with the power, is as effectual to convey title as would be a sale thereof under a decree of foreclosure in a regular action to foreclose the instrument as a mortgage.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Vaughan for Appellants.

Frank F. Oster for Respondent.

SHAW, J.—The plaintiff appeals from the judgment. The record on appeal consists of the judgment-roll alone.

On October 26, 1914, plaintiff owned a certain promissory note executed by one Woodford, to Ray Zug, for thirty thousand dollars, due January 29, 1917, and secured by a trust deed executed to the Title Guarantee & Trust Company for certain parcels of land. The land was subject to a prior mortgage for twenty-nine thousand dollars. On October 26, 1914, plaintiffs borrowed money from the defendant, in consideration of which they executed to defendant their promissory note for seven thousand dollars, payable four months after date. At that time default had been made in the interest on the thirty thousand dollar note, and plaintiff had caused the trustee to advertise the land for sale. It was agreed between the plaintiffs and defendant that the land should be sold by the trustee under the power contained in the trust deed, that defendant should purchase the lands at such sale and receive a deed therefor from the trustee as security for the note and certain other debts, and should thereupon execute a contract stating the terms on which he was to hold the same as security for the seven thousand dollar note and other debts of plaintiff. This is the transaction which gave rise to the controversy involved in this suit. The land was sold under the trust deed, the defendant became the purchaser by a deed dated November 28, 1914, and thereafter on December 1, 1914, executed the contract in question. This instrument recited the conveyance of the property to defendant and declared that he held it in trust on the terms therein stated, among which were that he should make such advances as he deemed necessary for the protection and care of the property, that such advances should be a lien on the same, that if the above-mentioned note of plaintiffs to defendant and a certain other note made by the plaintiffs to a third party were not paid, the defendant was thereupon authorized to sell the property after publishing a notice of sale for a specified time, and that out of the proceeds he should pay all his costs and advances and the two notes above mentioned and render the surplus to the plaintiff. The present action is a suit against the defendant for an accounting of his proceedings under the declaration of trust and for a reconveyance of the property to the plaintiffs on payment of the amount found to be due. In substance and effect it is an action to redeem the property from the liens secured by the declaration of trust.

The defendant admitted the execution of the deed to him and the making of the declaration of trust by him, but denied that it was intended as a mortgage, alleging that the deed of the trust company and the declaration of trust were parts of the same transaction, and that the intention was to create a trust on the terms set forth in the declaration and not to make a mortgage. The answer also alleges that by reason of the default by plaintiff in the payment of the notes mentioned in the declaration of trust, and after the required notice, he had sold and conveyed the property in question, as authorized by the declaration of trust, to one Elmendorf, that Elmendorf thereafter had reconveyed the property to defendant, and that ever since the execution of said deed to him by Elmendorf, he, the defendant, "had been and still is the owner in fee simple of all of said property." Also, by way of counterclaim, the answer alleged a cause of action against plaintiffs on their said notes to the defendant and an indebtedness by them to him on account of his advances and expenses as trustee of the property, and asked judgment against the plaintiffs for the balance in his favor and for the amount of the note. He also prayed for judgment declaring defendant to be the owner of the property free from the claims of the plaintiffs.

The court found generally in favor of the defendant, found the amount of indebtedness to be $4,826.53; that the defendant had sold and conveyed the property under the authority of the declaration of trust in the manner alleged in the answer, to said Elmendorf; that Elmendorf had conveyed the same to the defendant, and that the defendant was the owner thereof, free and clear of all right, title, and interest of the plaintiffs therein. The court found specifically that the contract above mentioned was a declaration of trust and not a mortgage. Judgment was rendered in accordance with these findings.

[1] The plaintiffs contend that the findings and judgment that the defendant is the owner of the property and that plaintiffs have no rights therein are beyond the issues made by the pleadings. In view of the pleadings as above recited it is obvious that there is no merit in this point. The answer alleged a sale and deed to Elmendorf made in conformity with the power contained in the contract, the subsequent conveyance to the defendant, and also that the defendant is

the owner of the property. These allegations clearly put in issue the question of ownership. [2] Furthermore, in the absence of a record of the proceedings at the trial we would be required to presume from the general finding of defendant's ownership that the parties treated the answer as sufficient to raise an issue in regard thereto and hence that it cannot be now attacked. (*Gervaise* v. *Brookins,* 156 Cal. 112, [103 Pac. 332].)

The question whether the pleading of the defendant was an answer in the nature of a counterclaim or one seeking affirmative relief, or a cross-complaint, is unimportant. It was styled an answer and was pleaded as such, and it is obvious, or at all events we must on the record before us assume, that the allegations of the answer were treated as controverted and that evidence was given in support thereof. It is therefore immaterial whether it was essentially a cross-complaint or an answer. The relief asked could be had upon an answer and there was no necessity for a cross-complaint. The general cause of demurrer is also obviously without merit. If there were no other cause of action set up, the allegations concerning the indebtedness of plaintiffs to the defendant on the promissory notes and on the account were clearly sufficient. We think, however, that the allegations stated as the foundation for the other relief asked were sufficient to justify the same.

Plaintiffs argue that the court abused its discretion in upholding the sale by the defendant under the declaration of trust, claiming that for various reasons it should have been set aside. This claim is based partly on facts alleged in the complaint which the court found to be untrue. The findings do not show fraud, or that any undue advantage was taken of plaintiffs. On the facts found, no abuse of discretion appears in this respect. The value of the land above the prior mortgage for twenty-nine thousand dollars was found to be only six thousand dollars.

[3] Plaintiffs also claim that the court erred in deciding that the contract under which the controversy arose was a declaration of trust and not a mortgage. We regard the question as wholly immaterial. [4] "A power of sale may be conferred by a mortgage upon the mortgagee or any other person, to be exercised after a breach of the obligation for which the mortgage is a security." (Civ. Code, sec. 2932.)

[5] It is a thoroughly established proposition that a sale under a power contained in a mortgage, if properly conducted in accordance with the power, is as effectual to convey title as would be a sale thereof under a decree of foreclosure in a regular action to foreclose the instrument as a mortgage. (*Fogarty* v. *Sawyer*, 17 Cal. 591; S. C., 23 Cal. 573; *Cormerais* v. *Genella*, 22 Cal. 124; *Felton* v. *Le Breton*, 92 Cal. 465, [28 Pac. 490]; *Godfrey* v. *Monroe*, 101 Cal. 227, [35 Pac. 761].) The conveyance to Elmendorf would therefore be as effectual in the one case as in the other, and if we concede that the court erred in its decision as to the character of the instrument, it would not affect the title of the defendant based on such sale. No other points require discussion. We find no cause for reversal.

The judgment is affirmed.

Olney, J., and Lawlor, J., concurred.