[Civ. No. 7116.  First Appellate District, Division Two.—December 31, 1929.]

ERASTUS MILLER, etc., et al., Plaintiffs and Respondents, v. MAY GUSTA et al., Defendants and Appellants; ANNA J. KELLAM et al., Interveners and Respondents.

Paul Friedman and Arthur Goodrick for Appellants.

William M. Morse, Jr., for Respondents.

DOOLING, J., *pro tem.*—This was an action for specific performance of an agreement for the exchange of properties. Plaintiff and respondent Erastus Miller was the owner of a leasehold interest in an apartment house building in the city of Los Angeles, known as the Monroe apartments, and the owner of the furniture and furnishings therein. Defendants and appellants, Gusta, who are husband and wife, were the owners of a lot of land, improved with a building, in the city of Los Angeles, and of the furniture and furnishings therein. The parties agreed to an exchange of these properties, the furniture and furnishings in the Monroe apartments subject to a chattel mortgage for $1200 and another chattel mortgage to secure the payment of the rent reserved in the lease of the Monroe apartments and the real property of the Gustas subject to a mortgage for approximately $7,500. Pursuant to this agreement an escrow was opened for the exchange of the documents of title and appellants went into

possession of the Monroe apartments. A few days later the appellants repudiated the agreement and notified the escrow-holder not to deliver their deed and bill of sale to respondent Miller, and to return to him all documents that Miller had deposited in escrow for delivery to them and shortly thereafter appellants vacated the Monroe apartments.

The respondents, Miller and wife, brought this suit for specific performance against appellants. Appellants by cross-complaint sought a rescission of the contract charging certain alleged false and fraudulent representations. Interveners and respondents, who were the owners in fee and lessors of the Monroe apartments, by complaint in intervention, sought and secured the appointment of a receiver to operate the Monroe apartments pending the litigation, asking also to recover one month's rent amounting to $850 from appellant May Gusta, or respondent Erastus Miller, as the court might determine.

After a trial judgment was entered to compel specific performance of the contract to exchange the properties, and against appellants and in favor of interveners for the sum of $850 to be paid by the escrow-holder, that amount having been deposited with the escrow-holder by appellants for that purpose prior to the repudiation of the contract by them. From that judgment appellants prosecute this appeal.

The serious question on this appeal is concerned with the allegation of the amended complaint, evidence and finding of the court on the subject of the justness and reasonableness of the contract and the adequacy of the consideration. The only allegation of the complaint on this subject is in the following language: "That said contract is fair and equitable and that the consideration moving from the plaintiffs herein to the defendant May Gusta is an adequate consideration for the contract for the conveyance to the plaintiffs herein of said East Forty (40) feet of Lot 18, Block 10, of El Centro Tract as hereinabove described."

Appellants interposed a general demurrer and a special demurrer directed to this allegation of the complaint, which was overruled by the court. This action of the court is assigned as error. The demurrer should have been sustained. For this there is an abundance of unbroken authority in this state. The general rule is thus stated in 23 California Jurisprudence, page 495: "It is not sufficient to allege gen-

erally that the contract sought to be enforced is just and reasonable and the consideration adequate; such allegations are regarded as mere conclusions of law; to be sufficient the complaint must allege facts which show that the contract is fair and the consideration adequate, and that it would not be inequitable to enforce it.''

In *Joyce* v. *Tomasini*, 168 Cal. 234, at pages 237, 238 [142 Pac. 67], the Supreme Court used the following language: ''The defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled and this is assigned as error. We think the demurrer should have been sustained. The contract is sued on as an executory agreement to execute a lease, in substance an agreement to grant an estate for years in the parcel of land. The object of the action is to enforce specific performance of this executory agreement. The Civil Code, following the settled doctrine of equity jurisprudence, declares that specific performance of an executory contract cannot be enforced against a party, if he has not received an adequate consideration therefor, or if it is not, as to him, just and reasonable. (Sec. 3391.) It is well established as a rule of pleading in such cases, that the plaintiff, in order to allege a good cause of action, must set forth facts which show that the consideration provided for in the contract sought to be enforced is adequate, and that the contract is just and reasonable to the defendant. A complaint which fails to state such facts does not state a cause of action to enforce such contract. 'This does not mean that it must be alleged *in haec verba* that the contract was supported by an adequate consideration, and is, as to the defendant, fair and just. These might be held insufficient, but the fact that the contract is such as will satisfy the conscience of the chancellor in the respects mentioned must appear from a proper statement of facts.' (Citing cases.)

''The complaint does not purport to set forth any facts whatever on the subject. The only allegation concerning it is the bald statement 'that said agreement, and the terms and conditions thereof, aforesaid, were and are, in all respects, just, fair, and reasonable, between the parties thereto.' This is in the precise form which was condemned as insufficient in the passage above quoted. Doubtless the

appellate courts should give the language of a complaint on this subject liberal construction in favor of the action of the court below, where it shows an attempt by the pleader to comply with this requirement. But here we have no attempt to state any facts at all—nothing more than the general language of the statute—a mere conclusion of law without facts to support it.''

This rule of pleading has never been departed from and is reaffirmed in *Salisbury* v. *Yawger*, 184 Cal. 783, 795 [195 Pac. 682], and *Walker* v. *Clark*, 80 Cal. App. 520 [252 Pac. 334]. In the latter case this court said at 80 Cal. App., page 525, *supra:* ''There has been no departure from the rule that it is necessary to plead sufficient facts to show that the consideration for the contract was adequate.''

Measured by this rule of pleading the allegation of the complaint under attack stated mere conclusions of law and was vulnerable to appellant's demurrer.

Respondents, however, contend that by the introduction of evidence on the subject of the justness and reasonableness of the contract and the adequacy of the consideration without objection appellants are now estopped to raise the question of the sufficiency of the complaint in that regard. We are not unmindful of the doctrine of aider by findings under which the finding of a fact which is litigated without objection has been held to cure a lack of, or defect in, the allegation in the complaint of the fact so found. It is a wholesome rule of law that a party should not be allowed to try a question as if it were properly at issue and in the event of an adverse decision raise anew the defect in his opponent's pleading which he had chosen to ignore at the time of trial. But the trouble with respondents' argument in this regard is that the finding is open to the same attack which has been made upon the complaint.

The evidence on the question of the value of the leasehold interest in the Monroe apartments was sharply in conflict. Respondents produced evidence which, if believed, gave it a value in excess of the value of appellants' property which was to be exchanged for it. Appellants' evidence was to the effect that the leasehold was worse than valueless because it was impossible to operate the apartments at a profit and pay the agreed rental of $850 per month. In this appellants were considerably corroborated by the first report of the

receiver appointed by the court, filed before the trial, which showed that the total gross receipts from the operation of the apartments during July, August and September, 1926, before paying any expenses, did not aggregate quite enough to pay the rent for those three months and after deducting other running expenses for the period from June 18th to October 5th covered by the report the receiver had on hand $704.39, less than enough to pay a single month's rental. While it is undoubtedly true, as suggested by counsel, that operation through a receiver is ordinarily more costly and less profitable than the same operation would otherwise be, these figures are none the less startling. Even in the face of them, however, we would feel ·compelled to accept the finding of the trial court upon this conflicting evidence if that finding was sufficient. But, as suggested above, the finding is subject to the same vice as the pleading in that it follows the identical language of the complaint above set out. In other words, the trial court instead of finding the facts from which the justness and reasonableness of the contract and the adequacy of the consideration would follow as a conclusion of law simply found "that said contract is fair and equitable and that the consideration . . . is an adequate consideration." Under the authorities above quoted this is a bald conclusion of law. It is impossible from this finding for this court to know on appeal what value the court put on any of the properties involved in the exchange. Nor can we even conjecture in view of the sharp conflict in the testimony what values the trial court may have had in mind, or what sort of contract in the trial judge's opinion would be fair and equitable or what consideration adequate. The values might, if they had been found by the trial court, be so disproportionate as to lead this court to disagree with the trial court's conclusion as to the fairness of the contract and the adequacy of the consideration. As to that we are left in the dark.

Findings should be tested by the same rules as pleadings: they should state the ultimate facts and conclusions of law cannot take their place. (24 Cal. Jur., p. 969.) In *McCarthy* v. *Brown*, 113 Cal. 15 [45 Pac. 14], the court quoting with approval from *Hihn* v.*Pacific*, 30 Cal. 286, said at pages 17, 18: "It has been uniformly held that it is not necessary for the court in its findings to present the results

of last analysis, but, on the contrary, that it would be suffi-cient if the court found the facts entering as terms into the legal proposition upon which the prevailing party based his right of recovery. The 'facts' which the court is to find, and the 'facts' which a pleader is to state, lie, according to the decisions in this state, in the same plane—that is, in both connections, facts are to be stated according to their legal effect.''

And the court in the McCarthy case added: ''Therefore, to determine the sufficiency of a finding, it is only necessary to ascertain what statement of fact is required in the pleading.''

In *County of San Luis Obispo* v. *Gage*, 139 Cal. 298, 409 [73 Pac. 174, 178], the court said of a finding in the same language as an allegation of the complaint: ''We are of the opinion that this is a mere conclusion of law, and presented no issue for the consideration of the court below, and that the finding is of no more force than the allegation.''

There is another defect in both finding and complaint which, in our opinion, is equally fatal. The complaint alleges and the court found in the language above set out that ''the consideration . . . is an adequate considera-tion for the contract for the conveyance . . . of said east forty feet of Lot 18, Block 10, of El Centro Tract.''

Nothing is said about the furniture and furnishings which were also to be transferred by appellants and which the judgment appealed from requires appellants to transfer by bill of sale. Under Civil Code, section 3391, the considera-tion must be adequate for the whole contract to be per-formed by the defendant, not for a part of it only. The finding, even if otherwise sufficient, would still not support the judgment, because of the failure to find that the con-sideration is adequate for the conveyance of the furniture and furnishings as well as the real property involved.

The issue of fraud raised by the cross-complaint was decided against appellants on conflicting evidence and under the settled rule this court must accept the finding of the trial court on that issue.

The complaint in intervention prayed in the alternative, as above noted, for relief against appellant May Gusta, or respondent Erastus Miller. Since we have determined that so much of the judgment as grants relief to plaintiffs on

their amended complaint must be reversed the portion of the judgment granting relief to interveners against appellant May Gusta should also be reversed to await the final judgment of the court on the issue of specific performance.

It is accordingly ordered that that portion of the judgment denying relief to appellants under their cross-complaint is affirmed and those portions of the judgment granting relief to plaintiffs and respondents on their amended complaint and to interveners and respondents on their complaint in intervention are reversed, with directions to the trial court to sustain appellants' demurrer to the amended complaint of plaintiffs. Appellants to recover their costs on appeal against plaintiffs and respondents, Erastus Miller and Lee Miller, his wife.

Sturtevant, J., and Nourse, Acting P. J., concurred.