[Civ. No. 9996. First Appellate District, Division Two.—January 21, 1936.]

F. H. ROLAPP et al., Plaintiffs and Respondents, v. FEDERAL BUILDING AND LOAN ASSOCIATION (a Corporation), Appellant; TITLE INSURANCE AND TRUST COMPANY (a Corporation), Defendant and Respondent; GEORGE M. DERY, Cross-Defendant and Respondent.

338

Meserve, Mumper, Hughes & Robertson, Leo E. Anderson and Timon E. Owens for Appellant.

Irl D. Brett for Respondents.

NOURSE, P. J.—In an action for declaratory relief plaintiff had judgment, and the defendant Federal Building and Loan Association has appealed on a bill of exceptions.

On May 15, 1930, the appellant received from one Dery his promissory note in the sum of $6,500 secured by a deed of trust upon certain real property. On the same day these parties entered into a "building loan" contract whereby the association agreed to loan Dery separate sums equal in all to the face of the note progressively as a building was erected on the premises. After these papers were executed, and after the work on the building had been started, it was discovered that the property was community, and the association refused to recognize the contract because the wife of Dery had not signed any of the papers. Dery procured a grant deed from his wife for the purpose of clearing the title and thereafter tendered to the appellant a policy of title insurance which appellant refused to accept. Dery then deeded all his interest to Male, and also assigned to him all his interest in the building loan contract. In October, 1930, Male commenced an action against this appellant and others and had judgment, declaring that the association had waived any right to rescind by reason of the misrepresentations of Dery, that the trust deed executed by Dery was a valid and subsisting first encumbrance, that Male was not in default because the association had shown an intention not to recognize the contract, and that Male was entitled to recover the amount of the first instalment due under the contract, to perform and carry on the obligations under the contract and to receive the future progress payments. The appellant paid the amount of the first instalment adjudged to be due, but in all other respects refused to abide by the judgment. Male assigned all his interest in the judgment and under the contract to Rolapp, who commenced this action for declaratory relief and for such other equitable relief as should be found proper. This judgment reaffirms the contract and determines the rights of the respective parties under it. It also requires the appellant to deposit with the court the promissory note and the deed of trust, restrains a transfer of the note without written notification of the terms of the judgment, and provides for a cancellation of the note, deed and building contract in the event of default

of either party, and under circumstances specified in the judgment.

█ Appellant states the principal question involved to be the jurisdiction of the court to determine the respective rights of the parties· on the occurrence or nonoccurrence of future events. The argument is that the declaratory relief statute (secs. 1060 et seq., Code Civ. Proc.) provides for the determination only of an actual controversy in relation to facts then existing. Respondent concedes the general statement, but relies on the settled exception that such future rights may be determined when a declaration of the present and actual controversy is dependent upon a determination of such future rights. █ Briefly, the appellant here has contended that the assignee had.no rights under the building contract because the contract was terminated by reason of nonperformance, but that the note and trust deed were, nevertheless, existing and valid obligations which appellant could enforce. The respondent has contended that the building contract was an existing obligation which he could enforce according to its original tenor, but that he was unable to perform his obligations under it unless and until the future liabilities of the appellant were declared and determined. There is no controversy between the parties as to the facts, and these facts, as stated, fully bring the case within the exception to the rule. Discussions and citations on the general principles involved are found in 12 A. L. R., p. 69; 50 Id., p. 47, and 87 Id., p. 1216.

█ In criticizing the application of the exception to the rule as applied to the facts of this case, appellant's argument is that, since these contingencies might not arise, there is no "actual controversy", hence no jurisdiction for a determination in this proceeding. But the actual controversy concerns a progressive contract which in itself contemplates these future contingencies, and the present rights and liabilities of the parties could not be finally determined without a consideration of what might occur in its operation. The court did not write a new contract for the parties, but did endeavor to so interpret the present contract that it might be performed according to its original tenor without further litigation. The pleadings clearly put all these matters in issue, and the evidence supports the portions of the decree under attack. The *necessity* for the determination was thus a matter in the

discretion of the trial court. In view of the prior litigation and the repeated repudiations of the contract by the appellant—not alone of the terms calling for present performance, but of these future contingencies which are now under attack—we cannot say that such discretion has been abused. Appellant lays stress upon the ruling in *City of San Diego* v. *Cuyamaca Water Co.*, 209 Cal. 105 [287 Pac. 475], where it was held error for the court to give its determination to matters beyond that of the existing controversy over present rights. But it will be noted that this ruling was placed squarely on the ground that the plaintiff had "neither pleaded nor attempted to prove any facts which would entitle it to any other or affirmative relief" beyond a declaration of the present actual controversy.

Basing its argument on the same premise the appellant argues that the trial court was without jurisdiction to grant equitable relief beyond a mere determination of the rights and duties of the parties arising out of the controversy. Specifically, it complains of those portions of the decree which require it to deposit the promissory note and trust deed with the clerk of the court and which restrains appellant from making an unconditional transfer of the note without written notice to the transferee of the infirmities arising out of the judgment. On this issue as well there is no failure of pleading or proof. The question is, therefore, answered by the settled doctrines covering all cases in equity. The action under the code is itself an equitable proceeding. Section 1062 expressly declares that the remedies therein provided are cumulative and shall not restrict any other remedy. Section 1060 declares the remedy is available "whether or not further relief *is* or could be claimed at the time". There is nothing in the code which limits the plaintiff to the one remedy or which prevents its joinder with a straight action for equitable relief. Furthermore, if the point were debatable, it is a question to be raised on a demurrer for misjoinder and is not one affecting the jurisdiction.

Entertaining these views, we have no difficulty in holding that, since the pleading and proof supported the body of the decree, it was proper to require the deposit of the note and to enjoin an unconditional transfer in order to prevent future litigation and to make the declaratory order effective.

This follows the settled rule that when a court of equity has obtained jurisdiction of the parties and of the subject-matter it will seek to administer complete relief, particularly with respect to finding the means of enforcing its decrees against a delinquent defendant. (10 Cal. Jur., p. 559; 21 Cor. Jur., p. 134.)

█ Appellant criticizes the conclusion of the trial court that the judgment against it in the former action brought by plaintiffs' assignor was *res judicata*. The argument is not persuasive as showing either error or prejudice. Manifestly, if the interpretation which the trial court gave the contract is correct, it is of no consequence whether the former judgment is binding or not, since the judgment appealed from was not based upon that ground.

█ The trial court held that the appellant was not entitled to interest on the unpaid portion of the loan prior to October 24, 1931, and was not entitled to be reimbursed for attorneys' fees incurred in the defense of the former action. The holding was sound as to both items. If appellant had a valid claim for either charge, it existed when the complaint in the former action was filed; not having set up its counterclaim at that time, it must be deemed to have waived it. (Sec. 439, Code Civ. Proc.) █ But the claim for interest was not a valid claim. Appellant was obligated to pay out the money as the building progressed, and interest was due only on sums so advanced. Appellant repudiated its contract to pay any portion of the sum. It claimed the right to demand interest on the whole sum on the theory that it had "set aside" that sum for the benefit of the respondent. Such a claim can be supported only on the theory that a party should be permitted to benefit from his own wrong. The claim for attorneys' fees is likewise without merit. The former suit was made necessary by appellant's repudiation of the contract alone.

The parties agree that there is an error in paragraph XV of the decree where the figures $6,000 appear and that these should read $6,500. The decree is, therefore, modified to that effect; but this could have been done without an appeal to this court.

The decree is affirmed as modified with costs to respondent.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936.