[Civ. No. 11479.   Second Appellate District, Division One.—January 19, 1939.]

SAMUEL W. CARPENTER, Plaintiff, v. BASIL S. FROLOFF et al., Appellants; JEANETTE M. WHITE, Respondent.

Thomas H. Hearn for Appellants.

Swaffield & Swaffield, Kenneth Sperry, Joseph E. Madden and Avery M. Blount for Respondent.

WHITE, J.—Upon rehearing of this cause it appears that a judgment of nonsuit was entered in the action in chief herein, in which Samuel W. Carpenter, as plaintiff, sued Basil S. Froloff and Jeanette M. White, as defendants, for damages

for breach of an agreement for the sale and purchase of the Rising Sun Placer Mine. The said Jeanette M. White filed her cross-complaint against the said Basil S. Froloff and Stefa Froloff, his wife, and judgment was rendered thereon in favor of said Jeanette M. White.

This is an appeal by the said Basil S. Froloff and Stefa Froloff from the said last-named judgment, and comes to this court upon the judgment roll alone. From such record it appears that on May 19, 1934, said appellants, Basil S. Froloff and Stefa Froloff, entered into an agreement (filed herein and identified as exhibit ''A'') by which they agreed to sell to one Charles A. Dutro the Rising Sun Placer Mine, consisting of 190 acres of land, for the agreed purchase price of $18,000, *and to place in escrow a quitclaim deed to the property in question, which deed was to be delivered to said Dutro or his assigns upon his or their compliance with all the terms and conditions of said agreement.* On October 19, 1934, said Dutro assigned his interest in the property covered by the agreement to Jeanette M. White, respondent here, and said White in turn assigned her interest in said agreement to Samuel W. Carpenter for the agreed purchase price of $45,000.

On July 9, 1935, said Carpenter brought action against said Jeanette M. White and Basil S. Froloff and Stefa Froloff for damages for breach of contract, alleging that said Basil S. Froloff had prevented his entry upon the said mining property and the commencement of his mining operations thereon, all to his damage in the sum of $51,000. Respondent Jeanette M. White thereupon filed her cross-complaint against the Froloffs alleging that through a mistake known to the said Froloffs, the agreement of May 19, 1934, failed to express the true intention of the parties thereto, and that the quitclaim deed deposited in escrow did not accurately describe the mining property which the Froloffs had exhibited to the said Dutro and said respondent White, and of which said Froloffs represented themselves to be the owners, to wit: 190 acres of land, known as the Rising Sun Placer Mine, lying along the contiguous channel of Rush Creek for a distance of two miles; that the quitclaim deed dated June 2, 1934, did not refer to the Rising Sun Placer Mine by either name or acreage, but instead referred by legal description to two parcels of land, one comprising 90 acres and the other 100 acres, *and did not*

*include in its provisions any description of the other lands embracing the channel of Rush Creek for two continuous miles and the territory along the shores of Rush Creek contiguous thereto,* which the said Froloffs had represented to said respondent White comprised the Rising Sun Placer Mine consisting of 190 acres; that in truth and in fact said mining property consisted of 90 acres only, and the Froloffs' representations that it contained 190 acres and that it included lands embracing the channel of Rush Creek for two continuous miles, and the territory along the shores of Rush Creek and contiguous thereto, were false and fraudulent and were made to cheat and defraud said Charles A. Dutro and his assigns; that the said Froloffs with a further intention to defraud and cheat said Dutro and his assigns and to breach their contract made with said Dutro for the sale of the lands embracing the channel of Rush Creek for two continuous miles and the territory along the shores of Rush Creek and contiguous thereto, said lands being represented to be gold bearing and worth over $18,000, did include in said quitclaim deed other lands which were mountainous and of practically no value and which they (the Froloffs) had not exhibited to said Dutro or to said respondent White. It was further alleged by the cross-complaint that the said lands embracing the channel of Rush Creek for two continuous miles and the territory contiguous thereto and which the Froloffs represented they were selling to said Dutro, are located in sections 21, 22, 26 and 27, township 34 north, range 9 west, M. D. M., but are different lands than those described in the quitclaim deed; that the failure to include in the said quitclaim deed all of the lands which the said Froloffs exhibited to respondent White and which the said Froloffs represented they were selling to the said Dutro, was a breach of the agreement of May 19, 1934, and was done with the express purpose and intention of deceiving and cheating the said Dutro out of the most valuable portion of the lands included in the mining property, all to the damage of said Jeanette M. White, as follows:

1. $500 expended in the erection of buildings at a site and location which appellant Basil Froloff pointed out to the employees and agents of Charles A. Dutro as being part of the land and property which he was selling to the said Dutro; that after Dutro assigned his contract to respondent, said

respondent attempted to occupy the said buildings constructed by said Dutro, but appellant Basil Froloff occupied the said buildings himself and refused to permit respondent as the assignee of Dutro to occupy or use the same, claiming that they were located upon property not described in the quitclaim deed hereinbefore referred to. That by reason of appellant's claiming the said buildings were located on his property, whereas in truth and in fact they were located on the property which appellant agreed to sell to Dutro; and that by reason of the deprivation of the use of said buildings, respondent has been damaged in the amount of the value of said buildings, to wit, $500.

2. The sum of $27,000, in that respondent on the 24th of November, 1934, did assign all her right, title and interest in the contract of sale of said mining property to one Samuel W. Carpenter for an agreed consideration of $45,000; that the said Carpenter was ready, able and willing to comply with all of the terms and conditions of said contract; that one of the conditions of the assignment was that respondent should put said Carpenter in peaceable possession of all of the lands and property exhibited by appellants to respondent; that when respondent went upon the land accompanied by said Carpenter, mining engineers and surveyors for the purpose of putting said Carpenter in possession of the premises and permitting him to mine gold thereon, the appellant Basil S. Froloff forbade and prevented such entry upon the land by either Carpenter, respondent, or anyone accompanying them, and by reason of appellant's threats and interference, made it impossible for respondent to fulfill the terms of her contract with Carpenter; that by such acts and by the fraudulent representations hereinbefore referred to, appellants Froloff breached their contract with respondent, causing respondent to suffer damages in the further sum of the net profits to which she would have been entitled had she been permitted to carry out her contract with the said Carpenter, to wit, the sum of $27,000, which is the difference between the purchase price of said property, $18,000, and the price contracted to be paid to respondent by said Carpenter of $45,000.

3. The sum of $4,500 which was paid by respondent and her assignor upon the purchase price of $18,000 and which appellants converted to their own use and benefit.

4. The sum of $5,000 for money and labor expended in the development of said mining property.

Respondent White also set up in her cross-complaint a second cause of action seeking to recover $10,000 for money had and received by appellants Froloff for their use and benefit, and upon which no finding of fact was made by the trial court.

In her amendment to her first amended cross-complaint, filed by leave of the court for the purpose of conforming to the proofs and evidence adduced at the trial, respondent White in addition to the above-enumerated items of damage, prayed for "the reformation of the contract, Exhibit 'A' herein", referring to the original agreement of May 19, 1934, between appellants Froloff and Charles A. Dutro.

The trial court found in favor of respondent White on the issues presented by her cross-complaint, specifically finding that she had expended $500 in the erection of buildings on the mining property; that she sustained damage in the sum of $27,000 for loss of net profits to which she would have been entitled had she been permitted to carry out her part of the contract of assignment with her assignee, Carpenter, to wit, the difference between the purchase price of $18,000 and the price of $45,000 which Carpenter had agreed to pay her for her interest in the agreement of sale; that she and her assignor had paid $4,500 to appellants Froloff on account of the purchase price of the said mining property, which sum appellants Froloff received and converted to their own use and benefit, notwithstanding the fact that they had by their actions, including their false and fraudulent representations, breached their said contract with respondent's assignor; that respondent White had expended money and labor in the development of the said mining property in the sum of $5,000.

The court further found that respondent White was entitled to have the contract (exhibit "A") reformed "because of mistake on the part of the cross-complainant (White) and of her assignor (Dutro), said mistake being known to the cross-defendants (Froloff), and as a result said contract failed to express the true intention and meaning of the parties, and the deed deposited in escrow did not accurately describe the lands which the Froloffs had exhibited to respondent White and to her assignor, and of which they represented they were

the owners and were selling to the said Charles A. Dutro''; and that as reformed the said agreement should contain the description of certain property, particularly describing the same.

Judgment was thereupon entered in favor of respondent White for the recovery from Basil S. Froloff and Stefa Froloff of the sum of $27,000 in damages, plus interest and costs of suit, and for the reformation of the agreements of sale (exhibit "A"), said agreement as reformed to contain a description of certain property, as particularly described in said judgment.

We find ourselves in accord with the first contention of appellants, that the findings do not sustain the conclusions of law nor the judgment as to the amount of damages awarded to respondent. In her amendment to her first amended cross-complaint, respondent alleged that "she had an opportunity to, and did, assign all of her right, title and interest in and to the contract set out and described herein as 'exhibit A' to one Samuel W. Carpenter, the plaintiff herein, for an agreed consideration of Forty-five Thousand Dollars ($45,-000.00) ; that the said Samuel W. Carpenter was ready, willing and able to comply with all of the terms and conditions of said contract as set out in said Exhibit 'A' for the said consideration of $45,000 . . . the cross-defendants Basil S. Froloff and Stefa Froloff, his wife, have breached their contract made and entered into with Charles A. Dutro, cross-complainant's assignor, and have by their said acts and the breach of said contract *caused this cross-complainant to suffer damages in the further sum of the net profits to which she would have been entitled had she been permitted to carry out her part of her contract of assignment to said Samuel W. Carpenter, to-wit, the difference between the purchase price of said property and the price contracted to be paid to cross-complainant by said Carpenter of $45,000.00, said difference amounting to the sum of Twenty-Seven Thousand Dollars ($27,000.00).*''

In this connection the court found the allegations aforesaid to be true. Thus we here find a judgment awarding damages for the breach of an agreement to convey real property based upon the profit respondent alleges she could have made upon a resale. This is not an allowable measure of recovery in

a case of this character. (*Gross* v. *Bank of America N. T. & S. Assn.*, 4 Cal. App. (2d) 353, 355 [41 Pac. (2d) 178].) Under section 3306 of the Civil Code the measure of damages for the breach of a contract is deemed to be the price paid and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land. Consequently an award of $27,000, which sum is the difference between the purchase price of $18,000 agreed to be paid and the sum of $45,000, which latter figure represents the amount respondent claims she could have sold the property for, is erroneous, and findings predicated thereon fail to sustain the judgment therefor.

Appellants' contention that the findings fail to sustain that portion of the judgment which grants to respondent the remedy of reformation of the contract must be upheld. Nowhere in the pleadings is it alleged, nor is there any finding, that appellants were in fact the owners of the particular property which they exhibited to respondent and her assignor and which they agreed to buy, or that they intended to sell such property to respondent's assignor. Even though no such allegation appeared in the pleadings, the appeal being before us on the judgment roll alone, we would have to presume that appellants were the owners of the property originally exhibited to respondent and her assignor, and were capable of specifically performing the contract as reformed, had the court found such to be the fact, because when the judgment roll alone is before the appellate court, that tribunal must assume that all facts found by the court, even though not contained within the pleadings in the case, were by agreement of court and counsel put in issue during the trial of the action. (*McDougald* v. *Hulet*, 132 Cal. 154 [64 Pac. 278]; *Fighiera* v. *Radis*, 180 Cal. 660 [182 Pac. 418]; *Bonnelfillio* v. *Ricks*, 214 Cal. 287 [4 Pac. (2d) 929].)

The sufficiency of the findings of fact to support a judgment is to be tested by the same rules that are applied to test the sufficiency of a pleading to state a cause of action. (*Miller* v. *Gusta*, 103 Cal. App. 32 [283 Pac. 946].) There being nothing in either the pleadings or the findings to the

effect that appellants owned or were able to sell or intended to sell the property as described in the findings, we are confronted with the omission of a finding necessary and material to sustain the judgment. In the absence of an averment in the pleadings and without a finding thereon, we cannot assume from the judgment roll alone that either by evidence or stipulation this material issue was presented to the trial court. Nor can we invoke the rule that if a finding were made the court would have found against appellants, because there is nothing to show that the issue in question was ever tendered to the trial court. Had the pleadings averred that the lands mentioned in the findings were the lands Froloff intended to sell and respondent's assignor intended to buy, a different situation might be present, but the record before us presents pleadings, findings, conclusions of law and a judgment referring to the lands as being the property which "the cross-defendants represented to the cross-complainants that they were the owners of and that they were selling to the cross-complainant's assignor". Unless appellants owned, or had acquired the right to own, the lands they represented they were selling, how could they specifically perform the contract as reformed? And if appellants could not specifically perform the contract, reformation of necessity would be futile. The findings therefore wholly fail in material particulars to make out a case for the application of the remedy of reformation of the contract.

Although a reversal of the judgment is required, we have for the guidance of the trial court on a retrial, given consideration to appellants' contention that the remedy of reformation of a contract is to be granted only for the purpose of making the contract conform to the mutual agreement and intention of the parties thereto; but in this state mutuality is not always necessary. It is sufficient if there was, as is alleged in the pleadings here, "a mistake of one party, which the other at the time knew or suspected" (Civ. Code, sec. 3399) ; and the pleadings herein set forth the facts showing a mistake of that character. (*Auerbach* v. *Healy*, 174 Cal. 60 [161 Pac. 1157].) The pleadings herein allege what the real agreement was, and what the agreement as reduced to writing was, and where the writing failed to embody the real agreement. The pleadings indicate a cause of action seeking the correction of the description of the land in question and de-

scribe the premises so as to render certain the location and boundaries. The facts showing how the mistake was made, whose mistake it was, and what brought it about, are clearly set forth, and the only essential averment required in an action for reformation lacking here is the allegation that the properties referred to in the corrected description were owned by cross-defendants or that the latter had acquired a right to own said properties, and that such properties were the properties they intended to sell to cross-complainant's assignor and which cross-complainant's assignor intended to buy.

The judgment is reversed and the cause remanded for a new trial.

York, P. J., and Doran, J., concurred.