[Civ. No. 4102.    Fourth Dist.    Jan. 12, 1950.]

O. E. MOEN, Appellant, v. ART'S CAFÉ (a Copartnership) et al., Respondents.

Craig, Weller & Laugharn, Thomas S. Tobin and Joseph T. Ciano for Appellant.

Joseph V. Mazziotta and Carl B. Hilliard for Respondents.

MUSSELL, J.—In this action on a book account plaintiff appeals from a judgment in favor of defendants Arthur L. Uecher and Pauline Uecher, on the sole ground that the evidence establishes the existence of an ostensible partnership and partnership by estoppel between the Uechers and defendants Wilbur H. and Aldine V. Stone.

Plaintiff was the assignee of certain claims of wholesale houses for balances due by reason of the failure of defendants to pay for liquor sold to them as operators of a restaurant known as Art's Café in the city of Colton. On January 10, 1947, the Uechers, who, prior to that time, had operated the business, leased it to the Stones until January 12, 1952. The lease was not recorded and contained a provision that the liquor license was to be taken out in the names of Arthur L. Uecher and Wilbur H. Stone. Ten days after the execution of the lease the defendants Arthur L. Uecher, Pauline R. Uecher, Wilbur H. Stone and Aldine V. Stone signed an application to the State Board of Equalization for the transfer of the on-sale liquor business and pursuant to the application, a license was issued in the names of the four signers of the application. The liquor sold by the plaintiff's assignors was delivered to the café to the Stones and billed to the four defendants whose names appeared on the license. The café business was conducted by the Stones as lessees, and such of the liquor bills as were paid appear to have been paid by checks signed by Wilbur H. Stone.

The lease provided for a monthly rental in the sum of $450 or 8 per cent of the gross receipts of the business, whichever sum was the greater, and lessees were the sole proprietors of the business and premises.

The trial court found that the defendants A. Stone and W. Stone became indebted to the plaintiff's assignors in the total amount of the claims presented upon open book accounts for liquor sold and delivered to them and gave judgment against the Stones for the balance due. It was further found that the lessors did not participate actively in the operation of the café business and that the lessees purchased the merchandise herein involved from the plaintiff's assignors. The judgment also provided that plaintiff was entitled to nothing as against defendants Arthur L. and Pauline R. Uecher. Plaintiff finds no fault with the judgment in his favor against the Stones, but contends that the court should have rendered judgment in his favor against the Uechers on the ground that an ostensible partnership and partnership by estoppel was established between the Uechers and Stones.

This contention is based on the provisions of section 2410 of the Civil Code (now incorporated in Corp. Code, § 15016), which section, as far as is here applicable, is as follows:

"(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another represent-

ing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with knowledge of the apparent partner making the representation or consenting to its being made.

"(a) When a partnership liability results, he is liable as though he were an actual member of the partnership."

The rule of responsibility and liability declared in this section of the Civil Code is founded upon the doctrine of equitable estoppel. (*Nofsinger* v. *Goldman*, 122 Cal. 609, 614 [55 P. 425].) A plaintiff who relies upon the doctrine of equitable estoppel as declared in said section of the Civil Code must plead the facts establishing such estoppel in order to be entitled to make proof of the same or to have the benefit of a finding predicated upon the section and hence sufficient to support a judgment against one who, while not an actual partner has estopped himself to deny that he is not so by his representations made in that behalf and by the reliance of the creditors of the firm thereon. (*Dodd* v. *Tebbetts*, 198 Cal. 333, 340 [244 P. 1081].)

The complaint in the instant action is on book accounts and contains only general allegations that the defendants became indebted to plaintiff's assignors upon book accounts for the sale and delivery of goods, wares and merchandise; that the accounts were assigned to plaintiff and that balances were due thereon. There is no allegation of the existence of a partnership between the parties defendants, ostensible or otherwise. It is not alleged that the Uechers, or either of them, represented themselves as members of a partnership, nor is it alleged that the plaintiff's assignors extended credit to the Uechers by reason of any words, acts or conduct of these two defendants. Evidence was admitted, over objection by the defendants, that the liquor license was obtained in the name of the Uechers and Stones but there was no pleading upon which the court could base a finding of the existence of an ostensible partnership or of an estoppel.

The contention is made by plaintiff that the sufficiency of the complaint cannot be questioned for the first time on

appeal. However, the objection that the complaint does not state facts sufficient to constitute a cause of action is an exception to the rule. (2 Cal.Jur. § 78, p. 257; *Carnahan* v. *Motor Transit Co.*, 65 Cal.App. 402, 407 [224 P. 143]; *Young* v. *Laguna Land & W. Co.*, 53 Cal.App. 178, 180 [199 P. 810].) Where, as here, the complaint fails to state facts sufficient to establish liability under section 2410 of the Civil Code, relied upon by plaintiff, the contention is without merit.

Judgment affirmed.

Griffin, Acting P. J., concurred.