[Civ. No. 15255. First Dist., Div. One. Mar. 5, 1953.]

LARRY D. MACKAY et al., Respondents, v. TED H. WHITAKER et al., Appellants.

Robert H. Kroninger for Appellants.

Royal E. Handlos and Lewis P. May for Respondents.

PETERS, P. J.—This is an appeal by all of the defendants (although it is conceded that only the Emslies are beneficially interested) from a judgment, in a declaratory relief and quiet title action, quieting the title of the Mackays, enjoining interim conveyances of the property, compelling the execution of certain conveyances upon certain conditions, and decreeing that upon the performance of those conditions the Emslies shall deliver possession of the property to the Mackays. On this appeal the Emslies urge (1) that the judgment is one for specific performance, and, as such, is erroneous because of the failure of plaintiffs to plead or to prove or the trial court to find that the consideration agreed to be paid for the property was fair and adequate, and (2) that the trial court improperly prohibited the Emslies from showing that the consideration was inadequate. Both contentions are sound, and, for that reason, a reversal must be ordered.

This case was before us on a prior occasion when this court denied a motion to dismiss the appeal. (*Mackay* v. *Whitaker*, 112 Cal.App.2d 112 [245 P.2d 521].) At that time the general background of the proceeding was set forth as follows (p. 114):

"The Mackays brought this action against the Whitakers, the Emslies, James C. Philips and the Philips corporation for declaratory relief and to quiet title to a parcel of property on which the Emslies had been conducting a kennel.

The kennel property was subject to a first deed of trust given by the Emslies to a loan company to secure a $10,000 note. The claim of the Mackays to the property grows out of the following circumstances: In 1948 the Mackays and the Emslies entered into an informal joint adventure for the purchase of dogs for show purposes, the Mackays advancing most of the money. In November of 1949 the parties entered into a written agreement setting forth their respective rights and obligations. This agreement, executed on November 25, 1949, provided that the Emslies should deed the property to the Whitakers, disinterested third parties, who should hold it as security for a third deed of trust given as security for a $10,000 two-year note executed by the Emslies and payable to the Mackays. A second deed of trust to the Philips corporation was authorized to secure certain advances that might be made. The agreement authorized the Emslies and the Whitakers to increase the loan company indebtedness, if necessary, to $12,500, and also provided that upon maturity of the Mackays' note a new installment note should be executed. The agreement then provided that in the event the Emslies defaulted in payments on the first deed of trust loan, or on their payments to the Mackays, the Mackays had the option, on the 61st day after such default, to purchase the property for the balance then owed to them, upon their assumption of the obligations of the first deed of trust.

"The Mackays' note required the Emslies to make monthly payments of interest. No interest was paid, the Mackays elected to exercise their option, the Whitakers refused to convey, and this action was commenced in November of 1950."

The complaint is entitled "Complaint for Declaratory Relief, to Quiet Title; and for Money," and purports to state four causes of action. The first alleges execution of the note by the Emslies, nonpayment, demand and election by the Mackays to declare the whole principal sum and interest due. The making of the contract is also alleged, the failure of the Whitakers to execute a third deed of trust or to convey the fee upon the Mackays exercising their option to purchase. It is then alleged that a controversy exists. The second cause of action re-alleges the above and, in addition, sets forth the Mackays' equitable ownership of the property, the adverse claims of the defendants, and the Mackays' right to a conveyance. The third cause of action is for attorney's fees, while the fourth is for money damages for breach of contract and refusal to convey.

The prayer of the complaint requests (1) a determination of the interests of the parties in the property; (2) that the court order the execution and delivery of the conveyances and documents needed to give effect to the agreement; (3) that the Mackays' title be quieted against the claims of all defendants; (4) that the court order the Emslies to surrender possession of the property; (5) that interim conveyances or further advances by Philips be enjoined; (6) that the Mackays be awarded $20,000 damages or (7) in the alternative, if the above relief be not granted, that they be awarded the amount of the note with interest; (8) that they be awarded attorney's fees, and (9) costs; and (10) a prayer for further relief.

The Philips and Whitakers answered with general denials, as did the Emslies, who, in addition, pleaded that the parties were partners; that the note was executed to protect the present and future investments of the Mackays in the partnership; that when the note was executed the Emslies were advised that the correct amount involved was $8,000 and that later an accounting would be had to correct the note and agreement, and that an accounting had been refused. By way of cross-complaint and defense the Emslies also pleaded an oral agreement, made upon the creation of the partnership, to the effect that no payments should be made on the note until the partnership was dissolved.

On these pleadings the cause proceeded to trial. The Mackays testified to the arrangements between the parties but denied the existence of any partnership; Mackay then testified that he had made advances to the Emslies of $9,265.37 at the time the agreement was drawn and at that time turned over his interest in certain dogs to the Emslies, bringing the figure to $10,000. Mackay was unable to produce an actual contemporaneous record of the advances but did produce a statement, which was admitted, purporting to list them. During Mackay's cross-examination some uncertainties were developed in this statement.

The Emslies testified that the agreement between the parties was executed in some haste because a creditor of the Emslies was threatening foreclosure and Mackay refused to pay off this creditor unless an agreement was signed. The Mackays deny any coercion. The then attorney for the Mackays who drafted the agreement testified that in the first discussions between the parties he had used "round" figures, but that before the discussions ended the $10,000 figure was agreed to by

all the parties. The Mackays corroborated this. Mr. Emslie testified that about a month before the agreement was executed the Mackays had sent him a list of the items claimed to be due, and he had requested time to check the list; that he had complained about many items on the list; that the $10,000 figure was agreed upon subject to an agreement that it was to be corrected upon an accounting after going over the checks. The Emslies claimed that the maximum amount owed to the Mackays was $8,000, and at one place in the record claimed that they owed but $6,200. But when the Emslies sought to testify about the correctness of the various items presented by the Mackays they were met with a series of objections that to controvert the $10,000 figure would be to vary the terms of the contract. These objections were sustained.

The trial court found all of the major allegations of the complaint to be true, except as to the allegation of damage, the court finding that damages had been waived in open court. The court also found "that the note and agreement of November 25, 1949 superseded any and all prior agreements" between the parties. The allegations of the cross-complaint were found to be untrue.

The conclusions and judgment provided that the Mackays were owners of the kennel property, subject to the first two deeds of trust; that they were entitled to immediate possession upon condition an escrow was opened in which they were to deposit a cancellation of the Emslies' note, a release of the Whitakers, written evidence of taking the property subject to the first two deeds of trust, and a deposit of sufficient money to repay Philips corporation and the Whitakers for advances and to discharge the second deed of trust. The Whitakers, upon being released, were ordered to deposit a grant deed conveying the property to the Mackays. It was further decreed that the Emslies had no interest in the property, and they were ordered to surrender possession of the. premises upon the close of the escrow. All defendants were enjoined from making any interim conveyances or from further encumbering the property.

It is perfectly obvious that the complaint prays for and the decree grants specific performance of the agreement to convey contained in the option agreement. The Emslies correctly point out that there is neither pleading, proof nor findings upon the essential issues of such a cause of action. There is no finding of the value of the kennel property as compared with the $10,000 note, nor is there any finding that

the amount of the advances actually made equalled the value of the property, or equalled the face value of the note. The complaint merely alleges that the note was given for a "valuable consideration," but there is no allegation of adequacy. ▆ There can be no doubt that, in a specific performance action, the plaintiff must plead and prove adequacy of consideration. Section 3391 of the Civil Code provides in part:

"Specific performance cannot be enforced against a party to a contract in any of the following cases:

"1. If he has not received an adequate consideration for the contract.

"2. If it is not, as to him, just and reasonable; . . ." The cases fully establish the rule to be that the burden is on the plaintiff to plead and prove these facts. (*Miller* v. *Gusta,* 103 Cal.App. 32 [283 P. 946]; *Joyce* v. *Tomasini,* 168 Cal. 234 [142 P. 67]; *Cooper* v. *Cereghino,* 101 Cal.App. 290 [281 P. 630]; *Jacklich* v. *Baer,* 57 Cal.App.2d 684 [135 P.2d 179].) ▆ Adequate consideration is needed for all parts of the contract (*Miller* v. *Gusta,* 103 Cal.App. 32 [283 P. 946]), which in the instant case means for the property and for the principal sum of the note.

The Mackays in an attempt to meet this contention first urge that the point is raised for the first time on appeal, and constitutes an attempt to raise a new theory on appeal, which they urge should not be permitted. ▆▆ The rule is too well settled to require extended discussion that the contention that a complaint does not state a cause of action, or the failure to find on an essential issue, may be raised for the first time on appeal. (*Moen* v. *Art's Café,* 95 Cal.App.2d 577 [213 P.2d 393].)

The second contention of the Mackays is that this is an action for declaratory relief, and they urge that in such an action adequacy and reasonableness of the consideration need not be shown. This argument is based on two major premises, first, that this is an action for declaratory relief and not for specific performance, and that in such action adequacy need not be pleaded nor proved, and second, that once a court has taken jurisdiction of an action for declaratory relief it will grant any relief that is appropriate. ▆ Of course, if in an action for declaratory relief other problems arise, the court can and will consider these problems even though had the case simply involved those problems a different type

of pleading would be required. Thus *Decter* v. *Stevenson Properties, Inc.*, 39 Cal.2d 407 [247 P.2d 11], was an action for declaratory relief relating to a lease that was the subject of an actual controversy as to its termination, which involved a question of construction. The court properly held that the failure to plead a mutual mistake of fact for reformation did not prevent the court from passing on the same in the course of its construction, because that problem was directly connected with the declaratory relief problem. That is obviously not the problem here.

In the instant case the action is not solely for declaratory relief. While the pleading is entitled "Complaint for Declaratory Relief, to Quiet Title; and for Money," the caption does not accurately describe the nature of the action. An examination of the allegations of the pleading and the prayer demonstrates that it is an action for damages, for an injunction, to quiet title, and for specific performance, as well as an action for declaratory relief. ▉ Obviously, by labelling a pleading an action for declaratory relief, .and then alleging other causes of action, the pleader cannot be released from the necessity of properly pleading those other causes of action.

There is another and complete answer to the arguments of respondent. ▉ If it be assumed, contrary to the fact, that this action was solely for declaratory relief in which any appropriate relief may be granted, it is the rule that the other independent relief granted can only be granted when the pleading and proof warrants such relief. The proper rule is stated as follows in 1 Anderson, Declaratory Judgments, section 198, at page 410: "In any event it is plain that the declaratory judgment statutes do not abrogate the ordinary rules of pleading, practice, procedure, and evidence. Even the most liberal construction that can be placed upon such statutes will not warrant the courts in granting affirmative relief by way of a declaratory judgment in the absence of pleading and proof warranting such relief."

In section 214, at page 468, it is stated: ". . . if an application for injunctive relief is coupled with an action for declaratory relief, the pleading would have to comply with the usual requirements of suits seeking such injunctive relief."

In section 216, at page 471, appears the following: "The declaratory judgment statute does not create any new or

substantive rights. It is procedural in nature, and in determining the issues presented under the statute, such principles as are peculiarly applicable are applied. . . . The true rule is that when the proceeding partakes of the nature of equity it calls in to play appropriate equitable principles, and when it partakes of an action at law it utilizes any available legal principles for proper determination of the issues.''

These rules have been applied by the California courts. (*Rolapp* v. *Federal Bldg. Etc. Assn.*, 11 Cal.App.2d 337 [53 P.2d 974] ; *Sunset Scavenger Corp.* v. *Oddou,* 11 Cal.App. 2d 92 [53 P.2d 188] ; *Moss* v. *Moss,* 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422].)

These rules are applicable in the instant case. It would amount to an entrapment and a miscarriage of justice to permit a litigant to entitle his pleading an action for declaratory relief, and then plead and pray for other types of relief, and secure such relief, without pleading, proof or findings entitling him to such relief.

 The trial court also committed reversible error in excluding evidence controverting the consideration recited in the note and contract. The record shows that the Mackays were allowed to testify as to the items making up the claimed total of $10,000, and were permitted to introduce a statement setting forth such items, but the Emslies were not allowed to controvert these items, except to a limited degree on cross-examination of the Mackays, the trial court ruling that such evidence would vary the terms of a written instrument. It is no answer to say, as do the Mackays, that the evidence that was introduced supports the finding that $10,000 was advanced. The point is that the Emslies were prevented from showing that, in fact, much less than $10,000 was advanced.

The trial court sustained the objections to these questions on the theory that such evidence constituted an attack on the recitals of consideration supposedly contained in the note and contract. An examination of the two documents discloses that they merely contain promises to pay and that neither contains a recital of consideration. However, even if the note and contract contained recitals of consideration, ''parol evidence was admissible to show the true consideration, and the association was not bound by the recitals of consideration in the writing. It is elementary that the truth of the recital in a written instrument concerning the consideration is not conclusive, but that extrinsic evidence may be received to show the true consideration.'' (*Shiver* v. *Liberty Bldg.-Loan*

*Assn.,* 16 Cal.2d 296, 299 [106 P.2d 4]; see, also, § 1962(2) of the Code of Civil Procedure; *Simmons* v. *California Institute of Technology,* 34 Cal.2d 264 [209 P.2d 581].)

These two errors require a reversal.

The judgment appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 4, 1953, and respondents' petition for a hearing by the Supreme Court was denied April 30, 1953. Schauer, J., was of the opinion that the petition should be granted.